**EBINGER BAKING COMPANY,**
Plaintiff,

v.

**BAKERY AND PASTRY DRIVERS AND HELPERS, LOCAL 802, OF the INTERNATIONAL BROTHERHOOD OF TEAMSTERS, John Strauss, Individually and as President Thereof, and Robert J. Sullivan, Individually and as Secretary-Treasurer Thereof, Defendants.**

No. 61–C–171.

United States District Court
E. D. New York.
May 26, 1961.

7. 46 U.S.C.A. § 1303(2).

8. Schnell v. The Vallescura, supra. See also, Gilmore and Black, The Law of Admiralty (1957), p. 149.

Eckhaus & Eckhaus, New York City, for plaintiff. Joseph Eckhaus, New York City, Nathaniel M. Swergold, Kew Gardens, N. Y., of counsel.

Cohen & Weiss, New York City, for defendants. Herbert A. Levy, New York City, of counsel.

BARTELS, District Judge.

Motion by defendants to dismiss the complaint pursuant to Rule 12(b) (6), Fed.Rules Civ.Proc., 28 U.S.C.A., on the ground that the Collective Bargaining Agreement which is the subject matter of the action is unenforceable as contrary to public policy or, in the alternative, to dismiss the complaint as to the individual defendants John Strauss and Robert J. Sullivan pursuant to Rule 12(b) (6) upon the above mentioned ground and also pursuant to Rule 12(b) (1) on the ground that jurisdiction is predicated upon the Labor Management Relations Act of 1947, 29 U.S.C.A. § 185, which precludes the recovery of damages from Union officials in their individual capacity.

This action was instituted by plaintiff-employer to recover money damages from the defendants caused by an alleged "slow down" by the Union in violation of Article 19 (no strike and work stoppage clause) of the Agreement which plaintiff alleges was instigated by defendants in an attempt to force and coerce plaintiff to accede to the Union's demands with respect to wages without resorting to the arbitration provisions of Article 18 of the Agreement.

Concerning the first branch of the motion, the Union contends that the Agreement is unenforceable and contrary to statute and public policy because Article 3 thereof [1] provides for a closed shop

---

1. The pertinent provisions read as follows:

"The Employer agrees that it will hire and retain in its employ in the job classifications above mentioned, only members of the Union who shall be in good standing and carry regular paid up working books of the Union.

\* \* \* \* \*

"\* \* \* In such event, however, the Employer agrees that such non-Union help shall be required to become members of the Union within thirty (30) days after such hiring; subject, however, to the rules and regulations of the Union. In the event of the failure or refusal of such non-Union help to become members of the Union within thirty (30)

in violation of Sections 8(a) (3) and 8 (b) (2) of the Labor Management Relations Act, as amended. The former section, in effect, provides, among other things, that it is an unfair labor practice for an employer to discriminate against an employee for non-membership in a labor organization if the employer has reasonable basis for believing that membership was not available or denied upon the grounds ascribed in "(A)" or "(B)" of that section.[2] It further provides that nothing in the section shall prohibit a collective bargaining agreement requiring as a condition of employment membership in the Union on or after the thirtieth day following the beginning of such employment. Section 8(b) (2) provides, in part, that it shall be an unfair labor practice for a labor organization or its agents to cause an employer to discriminate against an employee in violation of Section 8(a) (3). Admittedly, therefore, the illegality complained of was caused at least in part by the Union's action in causing the employer to insert the tainted provision in the Agreement, so that the Union is now in a position of seeking to take advantage of its own wrong. Plaintiff denies that the failure of the Agreement to expressly provide (i) for a thirty-day grace period to non-Union employees or (ii) for protection of non-Union employees if they tender the amount of the periodic dues and the initiation fees required for retaining mem-

bership, invalidates the Agreement. Although it has been held in the many cases cited by defendants[3] that similar provisions in collective bargaining agreements constitute unfair labor practices, it is unnecessary for the Court to decide that question in this case. Such is not the issue here involved. We are concerned in this application not with unfair labor practices but with illegality and unenforceability of the Agreement as a whole. In support of legality plaintiff refers to Article 21, section 7 of the Agreement, which expressly provides as follows:

"If any provisions of this contract are held to be in conflict with the Labor-Management Relations Act of 1947, as amended, the same shall not be operative so long as such conflict exists. If the Union security clause is held to be in conflict with the said law, the Union shop shall prevail subject to the requirements of said law, it being understood and agreed that the maximum union security provided by this Agreement and permitted by law shall prevail".

This provision obviously manifests an intent to comply with the policy of the Labor Management Relations Act, as amended, and in addition expressly asserts that any conflicting provision shall be deemed inoperative. In substance, it is a clause which saves the remaining provisions of the Agreement, if the un-

days, such employees shall be forthwith discharged by the Employer."

2. " * * * That no employer shall justify any discrimination against an employee for non-membership in a labor organization (A) if he has reasonable grounds for believing that such membership was not available to the employee on the same terms and conditions generally applicable to other members, or (B) if he has reasonable grounds for believing that membership was denied or terminated for reasons other than the failure of the employee to tender the periodic dues and the initiation fees uniformly required as a condition of acquiring or retaining membership".

3. Lakeland Bus Lines v. N. L. R. B., 3 Cir., 278 F.2d 888; N. L. R. B. v. McCloskey & Co., 3 Cir., 255 F.2d 68; N. L. R. B. v. Local 60, Carpenters, 7 Cir., 273 F.2d 699; N. L. R. B. v. American Dredging Co., 3 Cir., 276 F.2d 286; Matter of Local 810, I.B.T., 128 N.L.R.B. No. 128; Matter of Bricklayers & Masons Union No. 24 (Booth & Flinn), 129 N.L.R.B. No. 89; Matter of Billings Local 1172 and Ocepek, 130 N.L.R.B. No. 19; Matter of Union Taxi Corp., 130 N.L.R.B. No. 97; Matter of Pioneer Holding Co., 126 N.L.R.B. No. 113; Matter of Cab Services, 123 N.L.R.B. No. 19; Matter of Sanford Plastics Corp., 123 N.L.R.B. No. 194; Matter of Schnadig Corp., 123 N.L.R.B. No. 225; Matter of Freezmor Metal Products Co., 124 N.L.R.B. No. 101.

ion security clause is invalid. Assuming the execution of the Agreement containing the present union security clause constitutes an unfair labor practice, it probably, although not necessarily, follows that the clause is unenforceable because of illegality. Does the presence of this illegal provision which is not so interwoven into the body of the Agreement as to be inseparable, render the entire Agreement illegal and unenforceable in spite of the separability clause? There is no authority and nothing in the Act to support such a proposition. In fact, this very question was determined in the negative by the Supreme Court of the United States in National Labor Relations Board v. Rockaway News Supply Co., 1953, 345 U.S. 71, 78–79, 73 S. Ct. 519, 97 L.Ed. 832, holding that such a clause did not destroy the entire contract. While that case involved an unfair labor practice its existence depended upon the validity of a provision of the contract which also included a forbidden union security clause. The court held that the provisions of the contract were not rendered illegal by appearing in the same contract with the forbidden provision and that the total obliteration of the contract under such circumstances was not required by the statute or any public policy but was contrary to the common-law contract doctrine, remarking (345 U.S. at page 79, 73 S.Ct. at page 524):

" * * * The relationship must be governed by some contractual terms. There is no reason apparent why terms should be applied by some outside authority to take the place of legal terms collectively bargained. The employment contract should not be taken out of the hands of the parties themselves merely because they have misunderstood the legal limits of their bargain, *where the excess may be severed and separately condemned as it can here*". (Emphasis added.)

As to the second branch of the motion, it appears from Section 301(b) of the Labor Management Relations Act, that no money judgment against a labor organization is enforceable against any individual member or his assets. Morgan Drive Away, Inc. v. International Brotherhood of Teamsters, D.C.Ind.1958, 166 F.Supp. 885; Square D Co. v. United Electrical, Radio & Machine Workers of America, D.C.Mich.1954, 123 F.Supp. 776. It follows that judgment cannot be obtained against the two individual defendants in this action and that there is no justification of their remaining as parties. Any remedy that the plaintiff may have against these particular defendants does not appear within the four corners of the complaint and hence the motion in this respect must be granted. Defendants' motion to dismiss the complaint is denied except as to the two individual defendants, John Strauss and Robert J. Sullivan, with respect to whom it is granted.

Settle order within ten days on two days' notice.