**Robert J. REGAN, Plaintiff,**

v.

**Lester F. RISHE, Plaintiff,**

v.

**OHIO BARGE LINE, INC.,** Bradley Transportation Line, United States Steel Corporation, District 50, United Mine Workers of America, and Robert Wright et al., as representatives of the members of District 50, United Mine Workers of America, Defendants.

United States District Court
S. D. New York.

March 5, 1964.

See also 227 F.Supp. 1011.

Downing & Fuller, New York City, for plaintiffs.

Medwin, Tabner & Carlson, Albany, N. Y., for defendant District 50.

BONSAL, District Judge.

Plaintiffs Rishe and Regan in their separate complaints have each alleged a cause of action against District 50, United Mine Workers of America (District 50) and eight named individuals as representatives of the members of District 50 (Representatives). These causes of action (fourth cause of action, Rishe's amended complaint; third cause of action, Regan's amended complaint) allege that the officers, agents and authorized representatives of District 50 "conspired and acted in cooperation and collusion with" the defendant companies "in that they condoned and permitted the wrongful discharge and termination of plaintiff's employment without proper cause and thereby waived any rights and protections of plaintiff under the (collective bargaining) Agreement * * * which rights said Union had a duty to enforce in plaintiff's behalf"; that such activity by District 50 and its officers, agents

and authorized representatives constituted a breach of the collective bargaining agreement and that the plaintiffs have exhausted the remedies available to them thereunder.

District 50 and Representatives move to dismiss the amended complaints as to them for lack of jurisdiction.

Plaintiffs' original complaints founded on diversity of citizenship were dismissed on October 24, 1963 for lack of jurisdiction, with leave to amend. The amended complaints assert jurisdiction under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and under Section 102 of the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 412.

For the reasons hereinafter stated, the assertion of jurisdiction under Section 102 of the Labor Management Reporting and Disclosure Act need not be considered, except to point out that so far as the Representatives are concerned, no cause of action is asserted since they are not alleged to have acted to plaintiffs' detriment in the capacity of agents for District 50. Tomko v. Hilbert, 288 F.2d 625 (3d Cir. 1961).

The Supreme Court has held that a union member may sue under Section 301 of the Labor Management Relations Act (29 U.S.C. § 185) for a violation of his rights under a collective bargaining agreement even if the complaint raises issues arguably within the jurisdiction of the National Labor Relations Board. Smith v. Evening News Association, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962).

■ The amended complaints allege a violation of the collective bargaining agreement by District 50 in asserting that District 50 failed to protect the rights of the plaintiffs under the collective bargaining agreement. Humphrey v. Moore, 375 U.S. 335, 341–344, 84 S.Ct. 363, 11 L.Ed.2d 370 (Jan. 6, 1964) is authority that under these circumstances a cause of action is spelled out under Section 301. Accordingly, the motion of District 50 to dismiss for lack of juris-

diction the causes of action asserted against it in the amended complaint must be denied.

■ Turning to the motion of the Representatives, Section 301(b) of the Labor Management Relations Act provides that a labor organization may be sued as an entity and that no judgment against a labor organization shall be enforced against its members. Hence, the plaintiffs must look solely to District 50 and not to the Representatives for their recovery. Atkinson v. Sinclair Refining Co., 370 U.S. 238, 245–249, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962), and Ebinger Baking Co. v. Bakery and Pastry Drivers & Helpers etc., 194 F.Supp. 617, 620 (E.D. N.Y.1961). Therefore, the Court lacks jurisdiction to entertain the plaintiffs' causes of action asserted against the Representatives, and the motion of the Representatives to dismiss for lack of jurisdiction must be granted.

The motion of District 50 to dismiss for lack of jurisdiction is denied, and the motion of the Representatives to dismiss for lack of jurisdiction is granted.

Settle order on notice.