Kenneth J. MADDOCK, Appellant,

v.

Robert F. LEWIS, Louis E. Burger, Fred Helfrich, Rudolph Wolf, Edward Goedoeker, Nick Wild and Henry Tobias, Individually and as Officers of the Brewers and Maltsters, Local Union No. 6, Affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, and as Representatives of the Class Consisting of Members of Brewers and Maltsters Local Union No. 6, IBTCWHA, and Anheuser-Busch, Inc., a Missouri Corporation, Respondents.

No. 50569.

Supreme Court of Missouri,

Division No. 1.

Jan. 11, 1965.

Opinion Modified on Court's Own Motion
Feb. 8, 1965.

Motion for Rehearing or to Transfer
to Court En Banc Denied
Feb. 8, 1965.

Charles M. Tureen, Blumenfeld, Kalishman & Tureen, St. Louis, for appellant.

John S. Marsalek, Joseph H. Mueller, Moser, Marsalek, Carpenter, Cleary & Jaeckel, St. Louis, for respondent Anheuser-Busch, Inc.

Harry H. Craig, St. Louis, for defendants-respondents other than Anheuser-Busch, Inc., Wiley, Craig, Armbruster & Wilburn, St. Louis, of counsel.

HIGGINS, Commissioner.

Action to recover $574,380 actual and punitive damages for alleged wrongful discharge and breach of a collective bargaining agreement. The amount in controversy exceeds the sum of $15,000 and this court has jurisdiction. Art. V, § 3, 1945 Missouri Constitution, V.A.M.S.; § 477.040 V.A.M.S.

Appellant, Kenneth J. Maddock, was employed by respondent Anheuser-Busch, Inc., in June 1950, for work in a job classification of "other men in the brewing department." His employment was not continuous, and he was recalled from time to time until May 12, 1958, when he was dismissed.

Brewers and Maltsters Local Union No. 6, affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, was the exclusive bargaining agent for employees in appellant's classification under a collective bargaining agreement between Local No. 6 and Anheuser-Busch, Inc. Appellant was not a member of Local No. 6, his application to become a member being consistently denied. Notwithstanding such lack of union membership, the agreement bound him and inured to his benefit.

Local No. 6 is a voluntary unincorporated labor organization and is a union as defined by Section 2(5) of the Labor Management Relations Act of 1947. The named respondents, Robert F. Lewis, et al., are sued individually and as officers of Local No. 6 constituting the executive board, and as representatives of the class consisting of members of Local No. 6. Among their duties is the investigation of grievances and the representation of employees in grievance procedures.

Anheuser-Busch is engaged in a business affecting interstate commerce within the meaning of the Labor Management Relations Act of 1947 and is subject to the provisions of that act.

Appellant was called from layoff to work by Anheuser-Busch May 12, 1958. He reported to work and was discharged almost immediately because, according to the service letter given appellant, "all the other men employed in the lager cellars either ceased work or refused to start work and refused to return to work or start work if Mr. Maddock was assigned to work in this department with them." On May 14, 1958, appellant mailed three letters to Local No. 6 advising of his grievance on account of his discharge and requesting his grievance be processed. Two of his letters were returned unopened and marked "refused," and the third was returned in an envelope bearing the return address of Local No. 6. Contact between Local No. 6 and appellant was limited to a telephone call initiated by appellant to respondent Lewis, Chief Officer of Local No. 6, in which appellant was advised that Lewis had investigated the matter and found that the discharge was justified.

On May 12, 1958, appellant filed unfair labor practice charges against Anheuser-Busch and Local No. 6 under the Labor Management Relations Act of 1947. Upon

administrative investigation of these charges, the Labor Board refused to issue a complaint because of insufficient evidence, and appellant sought no review of this action.

Appellant's petition, filed June 2, 1960, and amended November 1, 1963, is in three counts. Appellant describes Count I as a class action against Local No. 6 and respondent officers individually for alleged breach of duty to fairly and honestly represent plaintiff in his grievance against Anheuser-Busch arising out of his discharge by Anheuser-Busch; and Count II as against Anheuser-Busch for alleged wrongful discharge contrary to the terms of the collective bargaining agreement. Count III is against all defendants alleging conspiracy to do the acts alleged in Counts I and II.

Answers denied the substantive allegations of the petition and set up affirmative defenses. On September 19, 1960, respondents other than Anheuser-Busch filed Motion for Summary Judgment supported by affidavit of respondent Robert F. Lewis, and on November 30, 1960, respondent Anheuser-Busch filed Motion for Summary Judgment supported by affidavits of William F. Guffey and Owen Rush. These motions suggested the absence of any genuine issue as to any material fact and that the movants were entitled to judgment as a matter of law. On February 1, 1961, appellant filed counteraffidavit in opposition to the motion of defendants other than Anheuser-Busch. The motions were submitted to the court on briefs and on the pleadings, affidavits, counteraffidavits and depositions on file. On October 9, 1963, the court filed a memorandum opinion in which, among other things, it was determined that there was no fact issue for a jury and the motions were sustained. The judgment was set aside on November 1, 1963, to permit plaintiff to file his amended petition, after which all matters were resubmitted. The trial court again sustained the Motions for Summary Judgment and entered the judgment in favor of all defendants from which this appeal is taken.

The substance of appellant's contentions on this appeal is that summary judgment was not appropriate because, in the language of the rule, defendants have not shown "by unassailable proof to be entitled thereto as a matter of law." Supreme Court Rule 74.04, V.A.M.R.

Under Rule 74.04(a) the party moving for summary judgment may file and serve supporting affidavits as respondents have done here. Under Rule 74.04(c) the adverse party (appellant here) may serve opposing affidavits and all affidavits are then considered along with the pleadings, depositions, and admissions on file, to determine if any genuine issue of fact remains. Reis v. Metropolitan St. Louis Sewer Dist., Mo., 373 S.W.2d 22, 27 [6]. A summary judgment is a determination as a matter of law that there is no issue of fact to be tried, Swink v. Swink, Mo., 367 S.W.2d 575, 578 [3]; and "In no case shall a summary judgment be rendered on issue triable by jury * * * unless the prevailing party is shown by unassailable proof to be entitled thereto as a matter of law." Rule 74.04(h).

We have recognized that Rule 74.04 is practically identical to Rule 56 of the Federal Rules of Civil Procedure, and we have found federal decisions construing Rule 56 to be persuasive in applying our Missouri Rule. Cooper v. Finke, Mo., 376 S.W.2d 225, 228 [1]. We have held: "The appellate court as well as the trial court must view the record on summary judgment in the light most favorable to the party against whom the judgment is rendered." Cooper v. Finke, supra, 1. c. 228 [2]. "As its name indicates, a summary judgment is an extreme and drastic remedy and great care should be exercised in utilizing the procedure. Traylor v. Black, Sivalls & Bryson, Inc., 8 Cir., 189 F.2d 213, 216 [6] * * *. Although it is useful and beneficial in many situations, it cannot be substituted for a conventional trial of factual issues. 'unless the prevailing party is shown by unassailable proof to be entitled thereto as a

matter of law.'" Cooper v. Finke, supra, l. c. 229 [3, 4]. In Armco Steel Corp. v. Realty Investment Co., 8 Cir., 273 F.2d 483, the court said, l. c. 484 [1–4]: "A genuine issue of fact exists for the purpose of avoiding a summary judgment whenever there is the slightest doubt as to the facts (citing cases). As we have heretofore explained, summary judgment is a harsh remedy and, '* * * should never be entered except where the defendant is entitled to its allowance beyond all doubt; only where the conceded facts show defendant's right with such clarity as to have no room for controversy; with all reasonable doubts touching the existence of a genuine issue as to a material fact resolved against the movant; giving the benefit of all reasonable inferences that may reasonably be drawn from the evidence to the party moved against. "That one reasonably may surmise that the plaintiff is unlikely to prevail upon a trial, is not a sufficient basis for refusing him his day in court with respect to issues which are not shown to be sham, frivolous, or so unsubstantial that it would obviously be futile to try them."'"

■ With these principles in mind, we proceed to determine if there is a genuine issue of fact in this case. Assuming that the petition is sufficient to withstand a motion to dismiss within the meaning of Dowd Box Co. v. Courtney, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483, Smith v. Evening News Ass'n, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246, Humphrey v. Moore, 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370, Regan v. Ohio Barge Line, Inc., D.C., 227 F.Supp. 1013, and cases there and otherwise cited by appellant, we must nevertheless determine whether this case as presented to the trial court on the Motions for Summary Judgment was ripe for entry of summary judgment against appellant.

We direct our attention initially to the complaint of wrongful discharge against the employer, respondent Anheuser-Busch. The pertinent allegations as against Anheuser-Busch are, from Count II, "that on May 12, 1958, defendant (Anheuser-Busch) did wrongfully and without cause or reason as set forth in Article IV of said CBA (collective bargaining agreement), and contrary to * * * said CBA, discharge plaintiff from his employment." In Count III appellant alleges "that * * * defendants (all of them) * * * did conspire together and with others and agree to deprive plaintiff of his rights and privileges under * * * said CBA; * * * that in furtherance of and pursuant to said conspiracy, defendant Company did, on May 12, 1958, discharge plaintiff * * *."

We have held that "Unless there is a contract pertaining to the duration of the employment or limiting the reasons for which the employee may be discharged the employment is at the will of either party, and the employer may terminate the relationship at any time (citing cases). Therefore a contract of employment and a breach thereof is a prerequisite to a cause of action for wrongful discharge (citing cases). A petition for wrongful discharge from employment in breach of contract must set forth the essential elements of a valid contract, and a discharge in violation thereof (citing cases)." Williams v. Kansas City Public Service Co., Mo., 294 S.W.2d 36, 38 [2–4]. See also Christy v. Petrus, 365 Mo. 1187, 295 S.W.2d 122, 124 [1]; Quinn v. Buchanan, Mo., 298 S.W.2d 413, 418 [10–12].

■ Nowhere has appellant set out a contract or any term of employment, and the matters presented to the trial court show that he had no term of employment. He has alleged only that "plaintiff's employment was for a term in accordance with said CBA * * *." It can be assumed that his employment is generally subject to that agreement, but appellant does not allege where in that agreement any provision is made for a term of employment and our search of the agreement which was filed as an exhibit to the petition reveals no provision for a term of employment for appellant. The affidavit of Robert F. Lewis states: "3. Kenneth J. Maddock

is an individual who was employed * * from time to time between June 13th, 1950, and May 12th, 1958. His employment was not steady or continuous between said dates because the business of Anheuser-Busch, Inc. is seasonal in nature and the company has always reduced its working force in the winter months. Mr. Maddock was laid off from time to time in the slack business periods. 4. * * * The arrangements for employment did not include any understanding or agreement that he would be employed for any specific period of time." In his counteraffidavit appellant states: "1. That from June 14, 1950, to and including May 12, 1958, I was in the continuous employment of Anheuser-Busch, Inc. During such period of time I was employed under the job classification as 'other men in the brewing department.' From time to time during such period I was laid off when the company reduced its working force because of the seasonal nature of said company's business." It is obvious from the Lewis affidavit that lack of a contract for a term or duration of employment is set up against appellant. It is equally obvious that appellant fails to state any such term in his counteraffidavit or to otherwise set forth specific facts to show this to be an issue for trial (Rule 74.04(e)), and his petition charges only that he was discharged without cause as set forth in Article IV of the agreement.

Under both Missouri and federal law a collective bargaining agreement is not a contract of hire and "After the collective trade agreement is made, the individuals who shall benefit by it are identified by individual hirings. The employer, except as restricted by the collective agreement itself * * * is free to select those he will employ or discharge. But the terms of the employment already have been traded out." Donahoo v. Thompson, Mo., 291 S. W.2d 70, 73 [3–6]; J. I. Case Co. v. National Labor Relations Board, 321 U.S. 332, 334, 64 S.Ct. 576, 88 L.Ed. 762.

Under the law and in this state of the case we conclude that appellant's employment was not for a term but, rather, was indefinite, leaving appellant subject to discharge at will unless the collective bargaining agreement made it otherwise. Portions of the collective bargaining agreement pertinent to this determination follow:

"ARTICLE III
"MANNER OF EMPLOYMENT

"*Section 1.* The right to hire and discharge by the Employer, subjected to the provisions of this agreement, is hereby acknowledged.

"ARTICLE IV
"DISCHARGE

"Employer may discharge for dishonesty, willful neglect or refusal to perform duties or for violation of the provisions of this agreement.

"ARTICLE V
"CAUSES NOT SUFFICIENT
FOR DISCHARGE

"Section 1. No employee shall be discharged for absence occasioned by temporary sickness or disability unless such sickness or disability incapacitates him from performing his duties.

"Section 2. No man shall be discharged for doing committee work for the Union, provided he shall give notice of the length of time such committee work will require. Such committee work shall be done on the employee's own time.

"Section 3. There shall be no discrimination by Employer or foremen against any member for his union activities.

"Section 4. It is agreed that it shall not constitute a breach of this agreement for any employee or Union member covered hereby to refuse to cross a picket line or to refuse to enter upon the premises of the Employer if such refusal does not constitute a violation of Sub-Section 303(a) of the Taft-Hartley Act * * *."

Article III of the agreement recognizes the general right of the employer to hire and discharge. If this were not so, it would be a vain and useless thing to have

this provision and, if possible, we should accord meaning to every provision of the agreement. The agreement subjects this right to other provisions of the agreement and to that extent the general right is modified. The agreement in Article IV provides certain situations in which discharges may occur, but they are not exclusive of other grounds, nor do they preclude the right to discharge at will where no term of employment is involved and such discharge is not otherwise in violation of the agreement. To hold otherwise would be to nullify the right of discharge recognized in Article III, and would rule out the right of an employer to discharge for such reasons as cessation of business, discontinuance of job, disloyalty to the government or employer, trouble making, fighting, and gambling, to name only a few. There is no imposition of "reasonable" or "just or sufficient cause" as a condition of dismissal, as mentioned in Pacific Press, Inc., 26 Labor Arbitration 339, and as was the case in Tinnon v. Missouri Pacific R.R. Co., 8 Cir., 282 F.2d 773, 777 [3]. Specific limitations on the general right of the employer to discharge under Article III are imposed by Article V. It is significant that plaintiff does not claim a violation or breach of any of the provisions of Article V because such would be patently wrongful and would place a duty of investigation and representation on the union. As it is, the end result is that appellant charges only that he was wrongfully discharged. He argues that the seniority provisions of Article XXII, Section 7(b), to the effect that seniority is lost by discharge in accordance with the terms of this contract, show the exclusive nature of the discharge provisions of the agreement. We do not consider this argument sound because it is clear that such provision is nothing more than a provision for loss of seniority on that ground and that nothing about it precludes loss of seniority for other reasons, including the loss of seniority upon discharge at will. A situation somewhat analogous to this case was before the court in Fraser v. Magic Chef-Food Giant Markets, Inc., 6 Cir., 324 F.2d 853. The court held that closing a plant and terminating employment was not a breach of the collective bargaining agreement, even though the agreement made no provisions in case of shutdown, and that employees could not recover wages they would have received if the employer had continued to operate throughout the duration of the agreement. Of importance here is the construction placed on the management rights clause in the collective bargaining agreement. The court said, l. c. 856 [3], " 'While it is true that a management rights clause cannot be used to destroy rights granted by other provisions, it is also true that the clause is never intended as a comprehensive enumeration of the rights of management whose effect is to forfeit by silence any rights not expressly reserved. This would place an intolerable burden upon the draftsman of the agreement. Its operation is the reverse of that proposition.' There is no merit to the argument of the appellant that because the Company was not given the express right to discontinue operations in this clause of the contract the right did not exist."

We conclude that as a matter of law, appellant had no contract providing for a term or duration of employment to support a case of wrongful discharge, and he alleged no breach of the causes not sufficient for discharge contained in Article V of the collective bargaining agreement. Thus, as presented to the trial court, there was no fact issue as to these matters, and it was proper for the trial court to sustain the Motion for Summary Judgment of the employer, respondent Anheuser-Busch, Inc.

 Turning to the complaint against the remaining defendants, which is one of failure to process, in good faith, a grievance on account of wrongful discharge, we recognize that a duty of fair representation is imposed upon unions acting as bargaining agents. Humphrey v. Moore, supra. In this case, however, we have determined that the discharge of plaintiff by respondent Anheuser-Busch was not wrong-

ful or alleged to be in violation of any provision for causes not sufficient for discharge in the collective bargaining agreement. As a consequence, the remaining defendants cannot be liable for any alleged failure to process a grievance in connection with a discharge that the employer had the right to accomplish. In other words, the circumstances presented to the trial court showed as a matter of law that such defendants had no duty to perform and their entry into an investigation in behalf of plaintiff does not change the case. Thus, there was also no issue of facts to be determined between appellant and these respondents, and summary judgment was likewise properly entered in favor of respondents other than Anheuser-Busch. This is true also of the conspiracy alleged in Count III because it is based on the assumption that appellant's discharge was wrongful. As we have pointed out, the discharge was not wrongful and the charge of conspiracy to do a wrongful act fails. Friedman Textile Co. v. Northland Shopping Center, Mo.App., 321 S.W.2d 9, 17 [7, 8]; Gruenewaelder v. Wintermann, Mo., 360 S.W.2d 678, 688 [3].

Issues concerned with the jurisdiction of the National Labor Relations Board and exhaustion of remedies have been briefed by the parties. Such issues are not germane and it is unnecessary to consider them because what has been said is dispositive of this appeal.

We find no facts here which give rise to a genuine issue, and the proof before the trial court was therefore "unassailable."

The judgment is affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

HYDE, P. J., and HOLMAN and HENLEY, JJ., concur.

DALTON, J., absent.