Doug G. MAIN, Plaintiff–Appellant,

v.

SKAGGS COMMUNITY HOSPITAL,
Defendant–Respondent,

and

Judith A. Carriger, Defendant.

No. 17066.

Missouri Court of Appeals,
Southern District,
Division One.

June 3, 1991.

Motion for Transfer to Supreme Court
Denied June 19, 1991.

David F. Sullivan, Schmidt, Kirby & Sullivan, P.C., Springfield, for plaintiff-appellant.

Kent O. Hyde, William C. Love, Harrison, Tucker & Hyde, Springfield, for defendant-respondent.

CROW, Judge.

By Count I of his second amended petition, plaintiff Doug G. Main sought damages from defendant Skaggs Community Hospital ("Hospital") for breach of contract. By additional counts, plaintiff asserted other claims against Hospital and also against defendant Judith A. Carriger.

The two defendants filed a motion for judgment on the pleadings wherein Hospital prayed for judgment in its favor as to Count I and certain other counts, and defendant Carriger sought judgment in her favor on two of the counts against her. The trial court granted the motion as to Count I, but otherwise denied it. In its judgment for Hospital on Count I, the trial court, consistent with Rule 74.01(b),[1] made an express determination that although the judgment disposed of fewer than all the claims and parties, there was no just reason for delay in entering it.

Plaintiff appeals. His complaints of error require a summary of Count I.

Count I avers plaintiff and Hospital entered into a contract February 1, 1980. Its provisions included these:

"This agreement is made and entered into between the Skaggs Community Hospital (a Missouri non-profit corpora-

---

1. Rule references are to Missouri Rules of Civil Procedure (1990).

tion) hereinafter called the Hospital, and Doug G. Main, CRNA, hereinafter called the Nurse Anesthetist.

1. The Hospital agrees to appoint the Nurse Anesthetist for an indefinite period and the Nurse Anesthetist agrees to serve in such capacity for such period subject to the terms and provisions of this agreement, providing, however, that either party may terminate this agreement, with just cause, by giving sixty days' written notice by registered mail."

Count I alleges plaintiff performed all his contractual duties and fulfilled all conditions precedent, but Hospital breached the contract by discharging him without just cause. Count I seeks $350,000 damages.

The trial court held Hospital was entitled to judgment as a matter of law on Count I in that the contract "provides that the employment of Plaintiff by ... Hospital would be for 'an indefinite period' of time thereby creating an at will employment relationship which entitled [Hospital] to terminate Plaintiff without cause, notwithstanding the language of paragraph 1 of said contract that provides 'that either party may terminate this agreement, with just cause, by giving sixty days' written notice by registered mail.' "

Plaintiff's brief presents one point relied on, consisting of components "(A)" and "(B)." Component "(A)" reads:

"The subject contract specifically provides that [Hospital] could not terminate the contract except 'with just cause' and therefore, the trial court erroneously declared and/or applied the law when he concluded that the contract created an 'at will employment relationship which entitled [Hospital] to terminate Plaintiff without cause'[.]"

A motion for judgment on the pleadings is allowed by Rule 55.27(b). Where a defendant moves for judgment on the pleadings, allegations of the petition are considered true for the purposes of the motion. *Century Electric Co. v. Terminal Railroad Association of St. Louis,* 426 S.W.2d 58, 60[2] (Mo.1968). The question presented by such a motion is whether the

moving party is entitled to judgment as a matter of law on the face of the pleadings. *Keener v. Black River Electric Co-operative,* 443 S.W.2d 216, 218[4] (Mo.App.1969), *appeal after remand,* 469 S.W.2d 657 (1971). A motion for judgment on the pleadings should not be granted if there exists a material issue of fact. *First National Bank of Clayton v. Trimco Metal Products Co.,* 429 S.W.2d 276, 277[4] (Mo. 1968). Before such a motion may be granted, all averments in all pleadings must show there exists no material issue of fact and that simply a question of law is presented. *Helmkamp v. American Family Mutual Insurance Co.,* 407 S.W.2d 559, 565 (Mo.App.1966).

A case analogous to this one is *Haith v. Model Cities Health Corporation of Kansas City,* 704 S.W.2d 684 (Mo.App.1986). There, a group of physicians contracted to furnish medical services for a corporation. The contract provided it could be terminated at any time by mutual consent. It also set forth other reasons for termination, viz: death of a physician, failure of a physician to maintain licensure, disruptive behavior of a physician, etc. The corporation notified the physicians December 15, 1976, that the contract was terminated effective January 15, 1977. The physicians sued the corporation for breach of contract. The trial court entered summary judgment for the corporation, concluding that under Missouri case law a written contract for services which does not contain a stated term shall, as a matter of law, be held to be terminable at will of either party upon reasonable notice. *Id.* at 685. The Western District of this Court affirmed, relying (as did the trial court) on *Paisley v. Lucas,* 346 Mo. 827, 143 S.W.2d 262 (1940), and *Superior Concrete Accessories, Inc. v. Kemper,* 284 S.W.2d 482 (Mo.1955).

*Paisley* is factually intricate but legally simple. Basically, it involved a contract between an insurance agent and an insurance company. The contract provided that unless otherwise terminated, it could be terminated by either party by written notice at least thirty days before the date fixed for termination. 143 S.W.2d at 269.

The contract was subsequently amended to provide it would not be cancelled except by mutual agreement or unless the state insurance department demanded cancellation. *Id.* Thereafter, the insurance department demanded cancellation. In obedience to the order, the company cancelled. The agent sued for breach of contract. The Supreme Court of Missouri held:

"A careful reading of the entire contract and amendments fails to disclose any language which, in our opinion, clearly expresses an intention of the parties that the contract should continue so long as [the agent] should live. The language of the amendment, while evidencing a present intention not to cancel, does not indicate an express intention to confer upon [the agent] a perpetual right of employment. *Minter v. Dry Goods Co.*, 187 Mo.App. 16, 26, 173 S.W. 4.... Considering the language used, the subject matter of the contract and the situation of the parties, we think the employment was to continue only so long as it was mutually satisfactory to the parties. The applicable rule of law is well stated in the case of *James Maccalum Printing Co. v. Graphite Compendius Company*, 150 Mo.App. 383, 391, 392, 130 S.W. 836, 838, as follows: 'The courts are prone to hold against the theory that a contract confers a perpetuity of right or imposes a perpetuity of obligation. Yet it seems to be the law in this state that, where the intention to do this is unequivocally expressed, the contract will be upheld. [Citing cases]. But in this jurisdiction, as in others, courts will only construe a contract to impose an obligation in perpetuity when the language of the agreement compels that construction.' ... The period of employment under the contract as amended is not definitely ascertainable by any fixed criterion. The duration of the contract was not fixed expressly or by implication. Its expiration does not depend upon the expiration of a period of time, upon the completion of a given undertaking, or upon the happening of some event. A contract for life will be upheld only where the intention, that the con-

tract's duration is for life, is clearly expressed in unequivocal terms. We hold that [the agent's] employment under the contract was for an indefinite period and could be terminated at the will of either party.

.    .    .    .    .

[The agent's] contract being terminable at the will of either party, the termination of the contract ... did not render [the company] liable in damages for breach of contract...." *Id.* 143 S.W.2d at 270–71.

In *Superior Concrete,* supra, a contract provided it would continue in effect until cancelled by mutual agreement. 284 S.W.2d at 489. The Supreme Court of Missouri, noting the duration of the contract was not fixed expressly or by implication, held its duration was indefinite. *Id.* at 490. Applying *Paisley* and other cases, the Court held that because the contract was for an indefinite period, it could be terminated at the will of either party. *Id.* at 490[16].

In *Christy v. Petrus,* 365 Mo. 1187, 295 S.W.2d 122 (banc 1956), an employee sustained an injury in the course of his employment and filed a claim for benefits under the Workmen's (now Workers') Compensation Law. The employer fired him. The employee sued, alleging he was fired because he exercised his rights under the Compensation Law. In support of his claim that his discharge entitled him to damages, the employee relied on § 287.780, RSMo 1949, which made it a misdemeanor for an employer to discharge an employee for exercising rights under the Compensation Law. The trial court dismissed the suit on the ground the petition failed to state a claim on which relief could be granted. The question presented on appeal was whether § 287.780 (as it then read) gave the employee a civil action for damages on the facts alleged. Affirming the dismissal, the Supreme Court of Missouri declared the rule is well established in this state that in the absence of a contract for employment for a definite term or a contrary statutory provision, an employer may discharge an employee at any time, without

cause or reason, or for any reason and, in such case, no action can be maintained for wrongful discharge. 295 S.W.2d at 124[1].

In the instant case, plaintiff concedes "the general rule is that at will employment can be terminated by either party without cause." However, says plaintiff, there is an exception to the general rule which applies to this case. In support of his contention, plaintiff cites *Hall v. St. Louis–San Francisco Ry. Co.*, 224 Mo. App. 431, 28 S.W.2d 687 (1930).

There, a railroad employee was a member of a union that had an agreement with the railroad. The agreement provided no employee would be discharged for any cause except drunkenness without first being given an investigation during which he would have certain procedural rights. The railroad fired the employee without following the required procedure. The employee sued for wrongful discharge and won in the trial court. On appeal, the railroad sought to invoke the rule that in the absence of a showing of employment for a definite period of time, an employee could not recover for wrongful discharge. 28 S.W.2d at 689. The appellate court acknowledged the rule is well established, but added, "[W]e do not think it is so absolute and so technical as to nullify and make void an agreement not to discharge an employee without an investigation...." *Id.* The appellate court held the agreement was binding and the employee was entitled to the benefit of its provisions regarding discharge. *Id.* Judgment for the employee was affirmed.

*Hall* was cited by the Supreme Court of Missouri in *Craig v. Thompson*, 244 S.W.2d 37, 41[3] (Mo. banc 1951), as authority for the proposition that under an agreement or contract between a railway labor union and an employer, an employee coming under the contract may recover if his discharge was wrongful, even though engaged for only an indefinite period. In *Craig*, a railroad employee sued for wrongful discharge and won in the trial court. Reversing the judgment, the Supreme Court of Missouri held there was no evidence from which the jury could have found the discharge wrongful. *Id.* at 43. As the evidence was insufficient to support the verdict, the proposition for which *Hall* was cited in *Craig* was arguably unnecessary, hence dictum.

Be that as it may, we find no Missouri case except *Hall* where, absent a contrary statutory provision, an employee with no definite term of employment has successfully sued for wrongful discharge.

In *Maddock v. Lewis*, 386 S.W.2d 406 (Mo.1965), *cert. denied*, 381 U.S. 929, 85 S.Ct. 1569, 14 L.Ed.2d 688 (1965), an employee had no fixed term of employment, but was covered by a collective bargaining agreement between a union and his employer. The employer fired the employee. The employee sued for wrongful discharge. The trial court entered summary judgment for the employer. The Supreme Court of Missouri pointed out that under both Missouri and federal law a collective bargaining agreement is not a contract of hire, and after it is made the individuals who shall benefit by it are identified by individual hirings. 386 S.W.2d at 410[4]. The employer, except as restricted by the collective bargaining agreement, is free to select those he will employ or discharge. *Id.* The agreement in *Maddock* acknowledged the employer's right to fire, listed reasons for which employees could be fired, and enumerated reasons for which employees could not be fired. *Id.* at 410. Affirming the judgment, the Supreme Court of Missouri stated:

"The agreement ... provides certain situations in which discharges may occur, but they are not exclusive of other grounds, nor do they preclude the right to discharge at will where no term of employment is involved and such discharge is not otherwise in violation of the agreement....

We conclude that as a matter of law, [the employee] had no contract providing for a term or duration of employment to support a case of wrongful discharge, and he alleged no breach of the causes not sufficient for discharge contained in ... the collective bargaining agreement. Thus, as presented to the trial court,

there was no fact issue as to these matters, and it was proper for the trial court to sustain the Motion for Summary Judgment of the employer...." *Id.* at 411.

In *Dake v. Tuell,* 687 S.W.2d 191 (Mo. banc 1985), an employer discharged two "at will employees." They sued for wrongful discharge, "cloaking their claims in the misty shroud of prima facie tort." *Id.* at 192. The trial court dismissed the claims for failure to state a cause of action. Affirming, the Supreme Court of Missouri, citing *Maddock* and other authorities, held it is firmly established in Missouri that absent a contrary statutory provision, an at will employee cannot maintain an action for wrongful discharge against his former employer. *Dake,* 687 S.W.2d at 192–93[1]. The opinion continued:

"Under Missouri's employment at will doctrine an employer can discharge—for cause or without cause—an at will employee who does not otherwise fall within the protective reach of a contrary statutory provision and still not be subject to liability for wrongful discharge. *Amaan v. City of Eureka,* [615 S.W.2d 414, 415 (Mo. banc 1981), *cert. denied,* 454 U.S. 1084, 102 S.Ct. 642, 70 L.Ed.2d 619 (1981) ]." *Dake,* 687 S.W.2d at 193[2].

In the instant case, plaintiff argues the contract limits the reasons for which Hospital can discharge him by giving each party the right to terminate the agreement "with just cause." Plaintiff asserts this means Hospital could not discharge him without just cause. Consequently, plaintiff maintains he was "not an at will employee."

We disagree. The contract is not limited to a fixed period of time, nor does it terminate upon completion of one or more specific undertakings or upon the occurrence of some event. It is, by its own terms, "for an indefinite period." It purports to grant plaintiff the right to perpetual employment by Hospital unless plaintiff's performance becomes deficient enough to constitute "just cause" for firing him. It is therefore a contract imposing an obligation in perpetuity, condemned in *Paisley,* 143 S.W.2d

262, and *Superior Concrete,* 284 S.W.2d 482.

We reject plaintiff's contention that *Hall,* 28 S.W.2d 687, applies. As observed earlier, *Hall* involved employee rights under a collective bargaining agreement. No such agreement exists here. Furthermore, to the extent—if any—that *Hall* conflicts with *Dake,* 687 S.W.2d 191, we follow *Dake,* as we are constitutionally bound by the last controlling decision of the Supreme Court of Missouri. Mo. Const., Art. V, § 2 (1945).

We therefore hold that under the contract here, plaintiff was an employee at will; consequently, Hospital had the right to discharge plaintiff without cause.

Count I of plaintiff's second amended petition does not aver Hospital failed to give notice of termination (either sixty days' notice as required by the contract or "reasonable" notice), hence no question of notice is presented. Component "(A)" of plaintiff's point relied on is denied.

Component "(B)" of the point asserts the contract language is ambiguous regarding duration of employment and grounds for termination, therefore the trial court erred in construing the contract without allowing plaintiff to present evidence relevant to the ambiguity.

In rejecting component "(A)" we held the contract purports to grant plaintiff the right to employment by Hospital in perpetuity, thereby creating employment at will under *Paisley* and its progeny. Consequently, there is no ambiguity requiring evidentiary explanation.

The judgment on Count I of plaintiff's second amended petition is affirmed.

MAUS, P.J., and PREWITT, J., concur.