STATE FARM FIRE & CASUALTY COMPANY, Appellant,

v.

CAR/BIL, INC. and William E. Loftin, Respondents.

No. WD 46071.

Missouri Court of Appeals, Western District.

Nov. 3, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 22, 1992.

Eric T. Swanson, Kansas City, for appellant.

John G. Dorsey, N. Kansas City, for respondent Car/Bil, Inc.

Thomas E. Barzee, Jr., N. Kansas City, for respondent William E. Loftin.

Before FENNER, P.J., and TURNAGE and KENNEDY, JJ.

FENNER, Presiding Judge.

State Farm Fire & Casualty Company (State Farm) appeals an order of the trial court granting a judgment on the pleadings in favor of respondents Car/Bil, Inc. (Car/Bil) and William E. Loftin in its action for

declaratory judgment arising from a claim for worker's compensation benefits filed by William E. Loftin.

The facts giving rise to the litigation began on August 26, 1989, when State Farm issued a policy of worker's compensation and employer's liability insurance to Car/Bil. On August 21, 1990, Mr. Loftin sustained injuries while working with a horse owned by Car/Bil. Based upon his injuries, Mr. Loftin filed a claim for compensation with the Missouri Division of Workers' Compensation.

In its order, the trial court directed that the policy of insurance issued by State Farm to Car/Bil was valid and in full force and effect during its term of August 26, 1989 to August 26, 1990, and that State Farm was required to provide coverage and defense to Car/Bil with respect to any liability incurred by Car/Bil under the Workers' Compensation Law during that time period.

The application for insurance is at issue on appeal. In its sole point on appeal, State Farm alleges that the trial court erred in entering judgment on the pleadings because material issues of fact are presented by the pleadings, namely, whether Car/Bil made material misrepresentations on its application for workers' compensation insurance regarding the type of business to be insured.

State Farm alleged in its petition for declaratory judgment that the policy of insurance was void *ab initio* because the application did not disclose a significant aspect of the business of Car/Bil, the employer-insured. On the application for insurance a question was asked regarding the "Type of Business" to be insured. In that space Car/Bil listed "Swimming Pool Plastering & Repairing & Stucco." Additionally, on the second page of the application, in a section entitled "Underwriting," the application asked, "Are there other operations conducted by the applicant?" and Car/Bil placed an X in the space labelled "No."

It has been State Farm's position that Car/Bil misrepresented its business on the application and failed to disclose that it was in the business of selling and displaying horses and because of this misrepresentation, the policy of insurance was void *ab initio*. To bolster its position, State Farm points to the claim form submitted by Mr. Loftin. On the claim form, in response to the question, "How Injury Occurred," Mr. Loftin answered, "Working with horse, preparing for world show." Additionally, on the reverse side of the claim form, in a space provided for "Additional Statements," Mr. Loftin provided the following information:

We have been in the horse business for approximately 5 years. Our horses are used as a form of advertisement & exposure to people with the income for swimming pools. These horses are incorporated with our warehouse operation (Approx ⅓ of warehouse is horse stalls.) For example, we have built 4 pools in the last 2 years for horse people.

Our employees do not work with horses, just myself & my wife Carol. We do not rent stalls train or rent pasture or arena space. The main function as I said is exposure to potential customers who may want a swimming pool or stucco. At this time we are involved in a breeding operation, in the year 1990 to date we have sold five horses with the intent to sell three more. Although our main function is the construction of swimming pools—and stucco the horse business is very much a part of our corporate efforts.

Where a party moves for judgment on the pleadings, the allegations of the petition are considered true for the purposes of the motion. *Main v. Skaggs Community Hosp.*, 812 S.W.2d 185, 186 (Mo.App.1991) (citation omitted). The question presented by such a motion is whether the moving party is entitled to judgment as a matter of law on the face of the pleadings. *Id.* Before a motion for judgment on the pleadings may be granted, all averments in all pleadings must show that there exists no material issue of fact and that simply a question of law is presented. *Id.*

As previously stated, it is State Farm's position that the trial court erred in grant-

ing judgment on the pleadings because material issues remain as to whether Car/Bil misrepresented the type of business in which it was engaged.

■ As between State Farm and its insured, Car/Bil, the doctrine of law applicable regarding misstatements in applications of insurance was first articulated by the Missouri courts in *Houston v. Metropolitan Life Ins. Co.*, 97 S.W.2d 856, 860 (Mo. App.1936), wherein the court stated:

[W]here material representations made in an application for ... insurance are warranted to be true, or the policy is conditioned upon the truth of the representations, or provides that the falsity of the representations shall avoid the policy, then the representations, if in fact untrue, will avoid the policy, though the representations were innocently made.... But where there is no such warranty or provision in the policy a misrepresentation, in order to avoid the policy must have been fraudulently made.

To prove a fraudulent misrepresentation, the insurer must demonstrate, among other things, that the insured knowingly made a false statement with the intent to deceive the insurance company. *Continental Casualty Co. v. Maxwell*, 799 S.W.2d 882, 888 (Mo.App.1990) (citation omitted).

■ An insurance company can also avoid a policy when the application, containing a material misrepresentation, is incorporated by reference into and attached to the policy. *Id.* "[T]he insurance company [is required to] demonstrate that a representation is both false and material in order to avoid the policy when (1) the representation is warranted to be true, (2) the policy is conditioned upon its truth, (3) the policy provides that its falsity will avoid the policy, or (4) the application is incorporated into and attached to the policy. Otherwise, the insurance company must demonstrate that the representation in the application

was false and fraudulently made in order to avoid the policy." *Id.*

■ A review of the policy at issue here reveals no language incorporating the application by reference into the policy. Therefore, in order to avoid the policy, State Farm must demonstrate that the representation in the application, as to the type of business in which Car/Bil was engaged, was false and fraudulently made. Even though the circumstances presented did not demonstrate that the policy was void *ab initio*, so as to allow State Farm to avoid liability to the employee, the pleadings show there existed a material issue regarding the nature of the representations made by the employer, Car/Bil, in the application for insurance such that Car/Bil would not be entitled to judgment as a matter of law. That the policy called for classifications and changes in premium in order to adjust to changes in classifications, as correctly found by the trial court, does not mean that there existed no issue as to whether Car/Bil falsely or fraudulently represented the nature of its business on the application.[1]

■ It is significant, as noted by respondents Car/Bil and William Loftin, that in its petition for declaratory relief, State Farm alleged that separate respondent Car/Bil misrepresented the information on the application, but there are no allegations in the petition that respondent, William Loftin, participated in any misrepresentation.[2] It was on the basis of the misrepresentations allegedly made by Car/Bil that State Farm requested that the policy of insurance be declared void *ab initio* such that it had no legal obligation to pay the claim of Mr. Loftin.

■ Independent research has revealed no case in Missouri dealing with the specific issue presented in this appeal. However, the general rule is that fraudulent statements by an employer preceding and inducing the issuance of an insurance policy are

---

1. Consideration should also be given on remand as to whether State Farm should be allowed to amend its pleadings to allege damages as a result of any alleged fraudulent representation.

2. The application for insurance was attached to and made part of the petition by reference. The application reflects the signature of Carol R. Loftin on behalf of Car/Bil.

no defenses against an employee and, as between an insurer and an employee, defenses based upon the misconduct or omissions of the employer are of no relevance. *See,* Larson, *Workmen's Compensation Law* § 92.21 (1987). The only situation in which the insurance would be defeated for all purposes by act of the employer is that in which the insurance is absolutely void *ab initio,* rather than voidable, which would occur in situations such as where the employer attempted to insure against an accident that had already occurred, by predating the insurance and fraudulently concealing the known existence of an accident within the period so covered. *Id.*

Thus, as the trial court found herein, "It is the public policy of the State of Missouri that the Worker's Compensation Law be liberally construed so as to provide compensation for persons injured in the operations of their employment...." Therefore, there was no material issue presented by the pleadings with regard to the rights of the employee to coverage, and judgment on the pleadings in favor of Mr. Loftin was proper. Nonetheless, it appears that the trial court failed to take notice of the distinction between an insurer's obligation to an employee and to an employer.

Even though the rights of an employee/claimant under a worker's compensation policy are generally unaffected by any errors of coverage, omissions, misrepresentations, fraud, or the failure of an employer to pay its premiums, an insurer is not, and should not be, precluded from obtaining redress against an employer where the facts warrant it and under those circumstances, the laws of insurance and not those of worker's compensation should apply. In finding coverage for the employee, Loftin, the trial court went further and interpreted the policy in regard to the obligation of Car/Bil, the employer. In this respect, the trial court found that when State Farm "undertook to insure the liability of [Car/Bil] under the Workmen's Compensation Law, [State Farm] was not only required to accept all of the provisions of the Law, but must be held to insure [Car/Bil's] entire liability thereunder." The court found further that by the terms of its policy, State Farm "reserved the right to change its manuals of rates, rating plans and classifications, the classifications included on the Declarations page were based on an estimate of the exposures and, if actual exposures were not properly described by the classifications, proper classifications, rates and premiums would be assigned." Finally, the trial court found that "the policy of insurance issued by [State Farm] to the ... employer in this case anticipated actual classifications and compensation within those classifications different or beyond those estimated and the terms of the policy were designed to respond to those changes."

The fact that State Farm reserved the right to change its rates and classifications under the policy and adjust its premiums to reflect actual exposure upon audit or review of Car/Bil's business activities, does not grant Car/Bil immunity from liability to State Farm for fraudulent misrepresentations under circumstances where damages are occasioned prior to review and resulting adjustment of premium.

The judgment on the pleadings as to Car/Bil is reversed and the cause is remanded for a determination on the merits as to the nature of the statements made by Car/Bil in its application for insurance and any resulting damages that might be brought in issue. The judgment on the pleadings in favor of the employee, Mr. Loftin, is affirmed.

All concur.