John Fredrick LOMAN, Appellant,

v.

Donald R. THARP et al., Respondents.

No. KCD 27392.

Missouri Court of Appeals,
Kansas City District.

Aug. 30, 1976.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 12, 1976.

Charles C. Shafer, Jr., A. Howard Chamberlain, Kansas City, for appellant.

William D. Lay, Platte City, for respondents.

Before DIXON, P. J., PRITCHARD, C. J., and WASSERSTROM, J.

PRITCHARD, Chief Judge.

Contending that he was a *de facto* marshal of the City of Platte City, appellant filed his first petition for declaratory judgment asking essentially for an adjudication of that status; that he was entitled to be removed as Marshal only pursuant to state laws; that his salary continue until such removal, and an allowance for attorney's fees. By an "amended" petition appellant further asked for actual and punitive damages and attorney fees. The issues of the two petitions were consolidated, and respondents' motion to dismiss each petition was sustained by the trial court for failure to state a cause of action.

Appellant's contention is based upon these propositions as shown by the record and advanced in his brief: Platte City, being a city of the fourth class, was required by § 79.050, RSMo 1969, to have a city marshal who shall be elected for a term of two years *unless* the board of aldermen provide by ordinance, after approval of a majority of the voters voting at an election held for that purpose, for the appointment of a chief of police, who shall perform all of the duties required of the marshal by law. "If the board of aldermen does not provide for the appointment of a chief of police and collector as provided by this section, a city marshal and collector shall be elected, * * *." On March 5, 1969, Ordinance No. 198 was passed by Platte City's board of aldermen, properly submitting the issue of appointing a Chief of Police to a vote of the people, who approved it on April 1, 1969. At no time thereafter, however, did the board of aldermen provide an ordinance for the appointment of a Chief of Police as required by § 79.050. The Mayor, without ordinance authority, proceeded to and did appoint appellant to the post of Chief of Police. Appellant says that because § 79.050 was not followed, the post occupied by him was an "elective" one as City Marshal (not an appointive one of Chief of Police). This reasoning by appellant is based upon the provisions of § 79.280, which paraphrased provides that if a vacancy occurs in an elective office, the mayor shall cause a special election to fill the vacancy, giving notice; provided, that if the vacancy occurs within six months of a general municipal election, no election shall be had, but the vacancy may be filled by the mayor by appointment. If the vacancy occurs in an office not elective, the mayor shall appoint a suitable person to fill it until the next regular meeting of the board of aldermen, at which time the vacancy shall be permanently filled.

As alleged by appellant, the time sequence of events was this: On April 1, 1969, the voters of Platte City authorized the appointment of a Chief of Police. In September, 1971, Platte City's Mayor appointed appellant to the position of Chief of Police. Appellant continued in that position until October, 1973, when he accidentally shot a man in the foot during the course of a scuffle and while the man was resisting arrest by appellant. On October 22, 1973, appellant was suspended by Mayor Tharp because of the shooting event. It is at this juncture that appellant contends that the suspension or removal was invalid because § 79.240 was not followed as to the removal of an "elective" officer. That section first provides that with the consent of a majority of the board of aldermen, the mayor, for good cause shown, may remove from office any elective officer of the city, first giving him an opportunity to be heard before the board of aldermen sitting as a board of impeachment. The second part of the section provides that the mayor may, with the consent of a majority of the board of aldermen, remove from office any appointive officer of the city at will. This second part does not provide for any opportunity to be

heard, and although it is not specifically alleged, this second procedure apparently was applied to appellant on November 13, 1973, resulting in his removal from office. If appellant was indeed a *de facto* appointive Chief of Police, as respondents contend, his removal under the second part of § 79.-240 was in accordance with law, and the trial court was correct in dismissing the petitions. See *State ex rel. Kendall v. Wilson, et al.,* 151 Mo.App. 719, 132 S.W. 623, 624, 625 (1910).

Appellant's position is that the mayor's appointment of him was *void* because of the gap or lack of an enabling ordinance authorizing the appointment of a chief of police after the people by vote had authorized that procedure in lieu of electing by popular vote a city marshal. Since the appointment was void, appellant says, his appointment was to the continuing vacancy of city marshal, and under § 79.240 only the procedure for removal of that elective office was applicable, the office of city marshal being an elective one unless the alternative procedures adopting the appointive office of chief of police under § 79.050 are followed. Thus, he says, he was a *de facto* city marshal, and not being validly removed from office, he continues to hold that office until his successor is elected.

The argument ignores the action of the people authorizing the appointment of a chief of police by Ordinance No. 198 on April 1, 1969. That ordinance changed the status of the law enforcement officer of Platte City from the *elective* city marshal to the *appointive* chief of police. It is not alleged that appellant was ever appointed as city marshal to fill a vacancy. Following appellant's argument to its logical conclusion, he would have his appointment be termed "City Marshal" and have it relate back *before* the adoption by the people of Ordinance No. 198. The defect here is the absence of adoption of an ordinance authorizing the appointment of a chief of police by the mayor, and that defect occurred *after* the adoption by the people of Ordinance No. 198. It follows then that appellant was a *de facto* appointive officer, as

contended by respondents, and his removal without an opportunity to be heard, i. e., at will, was proper. Appellant accepted and assumed to perform the duties of chief of police, not city marshal, under his express appointment by the mayor, although it may have been defective. As a matter of law, the trial court properly dismissed appellant's petitions.

The judgment is affirmed.

All concur.