Robert AMAAN and Nelson
Moses, Respondents,

v.

The CITY OF EUREKA, a Municipal
Corporation, William F. Weber, et
al., Appellants.

No. 61336.

Supreme Court of Missouri,
En Banc.

April 6, 1981.
Rehearing Denied June 8, 1981.

Jerome Wallach, Richard Bumb, Wallach & McAvoy, Fenton, for appellants.

David M. Johnson, Hayes & Heisler, Clayton, for respondents.

John Ashcroft, Atty. Gen., Larry Marshall, Asst. Atty. Gen., Jefferson City, for amicus curiae.

BARDGETT, Chief Justice.

The issue on this appeal is whether § 79.240, RSMo 1978,[1] which authorizes the mayor of a city of the fourth class, with the consent of the majority of the board of aldermen, to remove at will an appointive officer of the city violates the constitutional rights of respondents contrary to the provisions of the equal protection clause of the fourteenth amendment of U.S. Constitution, and Mo.Const. Art. 1, § 2, where, as here, respondents-policemen were dismissed from their employment in accordance with § 79.240.

The circuit court held § 79.240 denied respondents procedural protection granted to other police officers employed by the various municipalities in St. Louis County and by St. Louis County, a first-class county with a charter form of government, and in so doing denied respondents equal protection of the law. The circuit court thereupon enjoined appellant city of Eureka from proceeding under § 79.240 and ordered that respondents be afforded an appeal hearing on any disciplinary or dismissal action. From this judgment, appellants, city of Eureka and the named mayor and members of the board of aldermen, (hereafter City) appealed. Jurisdiction is in this Court. Art. 5, § 3, Constitution of Missouri.

1. "... The mayor, with the consent of a majority of all the members elected to the board of aldermen, remove from office any appointive officer of the city at will, and any such appointive officer may be so removed by a two-thirds vote of all the members elected to the board of aldermen, independently of the mayor's approval or recommendation. The board of aldermen may pass ordinances regulating the manner of impeachments and removals."

The facts are stipulated. Respondents Amaan and Moses were employed as police officers by the city of Eureka, a city of the fourth class located in St. Louis County. Respondents complied with § 66.250, RSMo 1978, which requires persons serving as police officers in any police department located in any county of the first class having a charter form of government to satisfy certain training and educational requirements in order to be employed as a police officer. Respondents were employed by the mayor with the consent and approval of a majority of the board of aldermen as full-time police officers in accordance with § 79.230, RSMo 1978. On October 17, 1978, respondents were dismissed without cause from their positions as police officers by the mayor of Eureka, acting with the approval of a majority of the board of aldermen. This dismissal was communicated by a letter to each respondent.[2] The respondents requested a hearing on their "grievance" of having been dismissed from their regular employment and the request for a hearing was denied by the city. There is no contention that the basis of layoff as stated in the dismissal letter was false. Under the stipulation the reason given in the letter is accepted as true.

Full-time commissioned police officers in first-class cities (§ 85.080, RSMo 1978) and third-class cities which have adopted a merit system police department (§ 85.541) and police officers of the St. Louis County Police Department (§ 4.280, St. Louis County charter) are entitled to a hearing when they are disciplined or dismissed.

Third-class cities which do not adopt a merit system police department, and fourth-class cities, and towns and villages are authorized by statute to dismiss appointed officers without a hearing—at will.[3]

In Missouri the rule is well established "that in the absence of a contract for employment for a definite term or a contrary statutory provision, an employer may discharge an employee at any time, without cause or reason, or for any reason and, in such cases no action can be obtained for wrongful discharge." *Christy v. Petrus*, 295 S.W.2d 122, 124 (Mo. banc 1956); *Cooper v. City of Creve Coeur*, 556 S.W.2d 717, 720 (Mo.App.1977).

There is no claim that appellants were motivated by any desire to curtail or penalize the exercise of respondents' constitutionally protected rights. In the instant case the reason for respondents being "laid off" related to municipal finances and not to the quality of respondents' work. Nor do respondents direct the court to any law, ordinance, or agreement under which respondents claim any right to continued employment.

There is no claim or evidence that respondents were laid off for any constitutionally impermissible reason. See *Branti v. Finkel*, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574, 1980; *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Nor was there any basis for a "name clearing" hearing as there were no false or defamatory public statements made reference the layoff of respondents. *Board of Regents v. Roth*, supra; *Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673, 1980.

---

**2.** "Dear Mr. Amann [Amaan]:

As mayor of the City of Eureka and in occurrence with the Board of Aldermen, I wish to inform you that you are hereby laid off for an undetermined period of time.

The desire of the City is to cut costs during the winter months.

Sincerely,
William F. Weber /s/
Wm. F. Weber
Mayor"

(Respondent Frederick Nelson Moses was dismissed with an identical letter.)

**3.** Third-class cities see § 77.340. Fourth-class cities see § 79.240. *Cooper v. City of Creve Coeur*, 556 S.W.2d 717 (Mo.App.1977)—a police officer. *State ex rel. Kendall v. Wilson*, 151 Mo.App. 719, 132 S.W.2d 623 (Mo.App. 1910)—an appointed city treasurer; ;*Russell v. City of Raytown*, 544 S.W.2d 48 (Mo.App.1976) —an appointed city attorney; *Loman v. Tharp*, 542 S.W.2d 306 (Mo.App.1976)—an appointed city marshal; Towns and Villages, § 80.240; 80.420; *Karzin v. Collett*, 562 S.W.2d 397 (Mo. App.1978)—police officer.

In these circumstances the respondents' discharge did not deprive them of any property interest protected by the fourteenth amendment nor did the failure to afford respondents a hearing constitute a deprivation of due process rights under the same amendment. *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976).

Respondents acknowledge the holdings of *Bishop v. Wood,* supra; *Russell v. City of Raytown,* supra, and *Cooper v. City of Creve Coeur,* supra, are against them on the due process violation claim. However, they seek to avoid those holdings by contending that § 79.240 violates their rights to equal protection under the fourteenth amendment of the U.S. Constitution and Mo.Const. Art. I, § 2. As noted supra, § 79.240 is the statute which permits the discharge of appointed officers or employees of a fourth-class city to be effected without a hearing as to the reason for discharge.

■ Respondents' equal protection claim is premised on § 66.250 which requires persons employed as police officers in any police department [city of Eureka] within first-class counties having a charter form of government [St. Louis County and Jackson County] after September 28, 1971, to have received certain training. Persons employed as policemen in any other class county are not required to comply with § 66.250. Respondents argue that, because § 66.250 imposes training requirements only as to officers in first-class counties having a charter form of government, the officers within that class of county constitute a class separate from police officers employed by fourth-class cities in other counties and are entitled to the same protection against dismissal as is afforded officers of certain statutory classes of cities in Missouri and in St. Louis County. In short, respondents argue that because they are required by law (§ 66.250) to undergo certain training as a result of their employment as policemen by a St. Louis County municipality they are entitled to a pre-discharge hearing.

It is argued that all police officers in fourth-class cities receive the same treatment under Chapter 79 throughout the state. The requirement that officers employed within first-class counties must undergo certain training does not nullify the laws relative to the employment and discharge of officers in fourth-class cities simply because the city happens to be in a first-class county. *A fortiori*—if the General Assembly repeals § 66.250 then police officers in fourth-class cities in St. Louis County would not be entitled to a discharge hearing. There is no significant relationship between the powers of a fourth-class city statewide and the qualifications for police officer service within St. Louis County. To sustain respondents' position would create inequality as between the class of municipalities designated fourth-class cities and their employees throughout the state.

Additionally there is no case or authority cited supporting a requirement for a hearing where the reason for layoff is lack of funds and the reason is accepted as true. In either event, there is no equal protection violation here.

The judgment of the circuit court is reversed and the cause remanded with directions to enter judgment for appellant city of Eureka.

All concur.