**James J. DAKE and Velva Fausett, Plaintiffs-Appellants,**

**v.**

**Eldon TUELL and Robin Hubbard, Defendants-Respondents.**

No. 66541.

Supreme Court of Missouri, En Banc.

April 2, 1985.

John E. Chick, Jr., Kansas City, for plaintiffs-appellants.

Eldon Tuell, Robin Hubbard, pro se.

Michael E. Kaemmerer, Thomas W. McCarthy, Diana K. Wieland, St. Louis, for amicus curiae Missouri Merchants & Manuf. Ass'n.

W. James Foland, William E. Quirk, Kansas City, for amicus curiae Westmo Def. Lawyers Ass'n.

Paul Schroeder, St. Louis, for amicus curiae Missouri Hosp. Ass'n.

---

**1.** The court of appeals, for purposes of appellate review, ordered the two cases consolidated.

BILLINGS, Judge.

The sole issue in this case is whether discharged at will employees can maintain a suit for wrongful discharge against their former employers by cloaking their claims in the misty shroud of prima facie tort. The trial court dismissed plaintiffs' petitions for failure to state a cause of action. We affirm.

Defendants Eldon Tuell and Robin Hubbard are the owners of a Lowrey Organ Center where plaintiffs were employed. Plaintiff Dake was employed as a manager and plaintiff Fausett as an organ instructor. In June of 1982, plaintiffs were fired after informing defendants that other employees at the store were making fraudulent misrepresentations to customers.

Plaintiffs each brought suit against defendants in the Circuit Court of Clay County—alleging in count one of each petition that their dismissals were intended to cause injury and were without justification and in reckless disregard of plaintiffs' rights. The second count in each petition repeated these allegations, along with the additional averment that defendants had discharged plaintiffs in complete disregard of their state and federal constitutional rights.

Defendants moved for dismissal under Rule 55.27(a)(6)—arguing that both petitions had failed to state claims upon which relief could be granted. This motion was sustained, and plaintiffs sought review in the Missouri Court of Appeals, Western District.[1] The court of appeals held that plaintiffs had stated claims upon which relief could be granted and reversed the trial court's dismissal orders. However, a dissenting judge transferred the case to this Court because he viewed the principal opinion as being in conflict with prior decisions of this Court. We now decide the case as if originally appealed to this Court. Mo. Const. art. V, § 10.

In Missouri it is firmly established that absent a contrary statutory provision, an at will employee[2] cannot maintain an

---

**2.** *See generally, Maddock v. Lewis,* 386 S.W.2d 406, 409 (Mo.1965), *cert. denied,* 381 U.S. 929, 85

action for wrongful discharge against his former employer.[3] *Amaan v. City of Eureka*, 615 S.W.2d 414, 415 (Mo. banc 1981), *cert. denied*, 454 U.S. 1084, 102 S.Ct. 642, 70 L.Ed.2d 619 (1981). *Accord, Howe v. St. Louis Union Trust Company*, 392 S.W.2d 625, 627 (Mo.1965). *See also Carr v. Montgomery Ward & Company*, 363 S.W.2d 571, 574 (Mo.1963).

Here, plaintiffs would have us render near impotent this long standing legal principle—by establishing a rule that would permit an at will employee to bring an action for wrongful discharge under the guise of the prima facie tort doctrine.[4] This we decline to do.

 Under Missouri's employment at will doctrine an employer can discharge—for cause or without cause—an at will employee who does not otherwise fall within the protective reach of a contrary statutory provision and still not be subject to liability for wrongful discharge. *Amaan v. City of*

*Eureka, supra,* at 415. Therefore, it follows that unless there is a contrary statutory provision upon which to base his claim, an at will employee must set forth in his petition for wrongful discharge "the essential elements of a valid contract, and a discharge in violation thereof." *Maddock v. Lewis*, 386 S.W.2d 406, 409 (Mo.1965), *cert. denied*, 381 U.S. 929, 85 S.Ct. 1569, 14 L.Ed.2d 688 (1965).

In the present case, it is conceded by all that plaintiffs were at will employees. Their pleadings are completely barren of any allegations concerning the existence of an employment contract and a discharge in violation of its provisions. Nor have plaintiffs attempted to ground their claims on a contrary statutory provision. Absent such allegations, the petitions do not invoke substantive principles of law sufficient to entitle them to relief in a Missouri court of law.

Judgments affirmed.

---

[3.] Section 287.780, RSMo 1978 gives an employee—including an at will employee—a cause of action for damages against his former employer if the employee has been discharged or discriminated against for exercising the rights afforded him under Missouri Workman's Compensation Act. *Hansome v. Northwestern Cooperage Co.*, 679 S.W.2d 273 (Mo. banc 1984), *Arie v. Intertherm, Inc.*, 648 S.W.2d 142, 149 (Mo.App.1983).

Missouri's Service Letter Statute, § 290.140, RSMo Supp.1984, gives the employees of corporations that employ seven or more workers a cause of action if the following elements exist: (1) the employee has worked for the employer for at least 90 days; (2) the employee requested in writing by certified mail a service letter and made a specific reference to the statute; (3) the employer fails to comply with the requirements of the statute or fails to supply a service letter within the prescribed time period.

[4.] The prima facie tort doctrine was first recognized in Missouri in *Porter v. Crawford & Co.*, 611 S.W.2d 265 (Mo.App.1980). *Porter*, however, was an action brought against an insur-

S.Ct. 1569, 14 L.Ed.2d 688 (1965); *Culver v. Kern*, 354 Mo. 1158, 193 S.W.2d 602 (1946). Martucci, *Recent Developments in Missouri: Labor and Employment Law*, 52 U.M.K.C.L.Rev. 501 (1984); Heinsz, *The Assault On The Employment At Will Doctrine: Management Considerations*, 48 Mo.L.Rev. 855 (1983); and Note, *Fire At Will: An Analysis of the Missouri At Will Employment Doctrine*, 25 St. Louis U.L.J. 845 (1982).

ance carrier who had stopped payment on a settlement draft before giving prior notice to the payee; it was not a suit for wrongful discharge brought by an at will employee.

In *Lundberg v. Prudential Insurance Company of America*, 661 S.W.2d 667 (Mo.App.1983), the plaintiff, an at will employee, attempted to rely on a prima facie tort theory to sue his former employer for wrongful discharge. At the close of plaintiff's evidence, the defendant successfully moved for a directed verdict—which was affirmed on appeal. Plaintiffs argue that *Lundberg* implicitly recognizes the right of a discharged at will employee to rely upon the prima facie tort doctrine to state a viable cause of action against the former employer. Their reliance on *Lundberg* is misplaced.

It should be noted that in deciding the narrow question before it—whether the plaintiff's evidence warranted submitting the case to the jury on a prima facie tort theory—the court of appeals expressed serious doubts about the wisdom of allowing an at will employee to freely avail himself of a prima facie tort theory in circumvention of the well-established employment at will doctrine. The court of appeals recognized that "judicial invasion of management decisions and impingement upon agreed terms of employment emerge, when as here, the prima facie tort doctrine is resorted to by a discharged employee to impose liability against an employer where the employment is terminable at will." 661 S.W.2d at 671. In light of our decision today, the doubts expressed in *Lundberg* should no longer remain.

**194**

RENDLEN, C.J., and WELLIVER, HIGGINS, GUNN and DONNELLY, JJ., concur.

BLACKMAR, J., concurs in result in separate opinion filed.

*BLACKMAR, Judge, concurring in result.*

The alleged reason for the discharge of plaintiff Dake is set forth in his petition as follows:

Plaintiff had reported improper sales practices and fraudulent misrepresentations being made by another employee of the defendants.

Plaintiff Fausett's petition contains similar allegations.

I agree that the alleged discharges for "whistle blowing" should not give rise to a claim for damages for wrongful termination. Such a holding is supported by the great weight of modern authority. *See* Krauskopf, "Employment Discharge: Survey and Critique of the Modern At Will Rule," 51 UMKC Law Review 190, 237–239. The principal opinion need go no further than this.

The principal opinion, however, purports to establish an ironclad rule that there may be no action for wrongful termination in the absence of contract or statute. I do not believe that it is desirable to circumscribe future courts in this manner. Professor Krauskopf, in the article cited above, sets forth numerous exceptions to the "common law rule" of discharge at will. I want to be free to consider these situations as they arise.

In *Lucas v. Brown and Root, Inc.,* 736 F.2d 1202 (8th Cir.1984) Judge Richard Arnold analyzed Arkansas law, which seems to maintain the "at will" rule just as ours does, and held that a complaint alleging that the female plaintiff was discharged because she refused to sleep with her foreman stated a claim. To the extent that the sweeping pronouncements of the principal opinion would preclude a claim such as this under our law, I disagree.

---

1. It makes no difference that the legislature, in its wisdom, superseded the Court's opinion.

---

The principal opinion cites *Amaan v. City of Eureka,* 615 S.W.2d 414 (Mo. banc 1981), as the recent authoritative case on the point. *Amaan* was grossly overwritten. There the record showed that a police officer was discharged because of a reduction in force. All that needed to be said was that the law did not guarantee him continued employment.

Our Court has been very willing to consider modern developments in the law of torts and to overrule or distinguish earlier cases which seemed to stand in the way. *See,* e.g., *Keener v. Dayton Electric Manufacturing Co.,* 445 S.W.2d 362 (Mo.1969) and *Elmore v. Owens-Illinois, Inc.,* 673 S.W.2d 434 (Mo. banc 1984), products liability; *Abernathy v. Sisters of St. Mary's,* 446 S.W.2d 599 (Mo. banc 1969), charitable immunity; *Gustafson v. Benda,* 661 S.W.2d 11 (Mo. banc 1983), comparative negligence; *Jones v. State Highway Commission,* 557 S.W.2d 225 (Mo. banc 1977), sovereign immunity.[1] This list is not complete. The principal opinion may tend to inhibit the common law process with regard to wrongful termination by its unnecessarily broad pronouncements. I hope that future courts realize that it is authoritative only on the facts now before us.

That is its privilege in the constitutional scheme.