Jeanette SANDERS, Plaintiff-Appellant,

v.

**PUBLIC WATER SUPPLY DISTRICT # 1, Defendant-Respondent.**

No. 48902.

Missouri Court of Appeals,
Eastern District,
Division One.

May 7, 1985.

---

**6.** Footnote 3, *supra.*

Joseph S. Sanchez, Festus, for appellant.

James Bowles, Hillsboro, for respondent.

PUDLOWSKI, Presiding Judge.

This is an appeal from a judgment rendered in favor of respondent and against appellant on appellant's petition alleging wrongful discharge. We affirm.

Appellant, Jeanette Sanders, was first employed by respondent, Public Water Supply District No. 1 of Jefferson County, Missouri in April, 1974. Appellant worked continuously for respondent until January 8, 1982, when she was fired by the office manager, Mary Carter. At the time of appellant's discharge, respondent had in effect a policy statement which provided "any employee who is fired has the right to come before the board to state his cause."

On January 20, 1982, appellant attended respondent's regular board meeting at which time she was told she could not participate because she was not on the agenda. However, on that date, the board met in "Executive Session" to discuss the dismissal of appellant. In that meeting the board ratified appellant's dismissal.

On February 10, 1982, appellant attended the regular meeting of the board of directors and was permitted to speak. Appellant was told prior to speaking that the meeting was not a hearing and that the board had accepted Mrs. Carter's decision regarding her dismissal but the board would hear whatever appellant wished to say.

Appellant raises two arguments on appeal. First, appellant contends that Mary Carter did not have the authority to discharge her and second, before she can be discharged she must be given a hearing before the board.

■ Section 247.080(2) gives the board of directors authority to "contract for such professional service as the demands of the district require in creating and operating a waterworks system" and further provides "[a]ll persons employed shall serve for an indefinite term and at the will of the board." It is clear from this section that appellant was an "at-will" employee and could be discharged for any reason or no reason at all. *Dake v. Tuell*, 687 S.W.2d 191 (Mo. banc. 1985). We now turn to the issue of Mrs. Carter's authority to discharge.

■ Upon review of Chapter 247, Public Water Supply Districts, it is apparent that Mary Carter had the authority to discharge appellant. Section 247.060 states that the management of the business and affairs of the district is vested with the board of directors. Section 247.080 declares the board should have regular monthly meetings. Thus, the legislature could not have intended that the board would involve itself in the day-to-day operations of the district. That is why the board was authorized to "contract for professional service." In this regard, the board hired an office manager. It is not an abuse of discretion to delegate to a hired executive the right to hire and fire.

■ Lastly, in regard to appellant's request for a hearing before discharge, it must be noted that no such right is granted by the legislature. The board of directors on the other hand have granted appellant the right, *after termination*, to "state her case." Appellant appeared before the board on February 10, 1982 and presented her views. She was unable to change the board's decision.

Judgment affirmed.

GAERTNER and KAROHL, JJ., concur.