614 F.Supp. 1222 (1985)
Deborah BARRALE, Plaintiff,
v.
McDONNELL DOUGLAS ELECTRONICS CORP., Defendant.
No. 82-1405C(6).
United States District Court, E.D. Missouri, E.D.
August 21, 1985.
*1223 Louis Gilden, Tara Levy, St. Louis, Mo., for plaintiff.
Michael P. Burke, Larry M. Bauer, St. Louis, Mo., for defendant.

MEMORANDUM
GUNN, District Judge.
Count V of plaintiff's complaint alleges that following a complaint by plaintiff to defendant employer about false accusations circulating about her, defendant conducted an investigation interviewing other employees and requested that plaintiff take a polygraph test; that the investigation and test were conducted with the intent to harm plaintiff and that based on the results of the investigation and test defendant terminated plaintiff without justification. Plaintiff seeks recovery for actual and punitive damages under the Missouri doctrine of prima facie tort.
Defendant moved for summary judgment of this claim arguing that the doctrine of prima facie tort in Missouri is inapplicable to a discharge of an at-will employee. By order dated January 5, 1985, this motion was denied on the ground that Missouri law was still unclear on this point. Slip op. 82-1405(C) at 7-9.
Since that date the Missouri Supreme Court has conclusively settled the matter. In Dake v. Tuell, 687 S.W.2d 191 (Mo. banc 1985), the Court expressly held that a discharged at-will employee cannot rely upon the prima facie tort doctrine to state a cause of action against the former employer for wrongful discharge. Id. at 193 and n. 4.
In opposition to defendant's present motion to reconsider the denial of summary judgment in light of this development in Missouri law, plaintiff argues that Count V seeks recovery not for the wrongful discharge but for defendant's intentional tortious course-of-conduct during the eight months leading up to the discharge, i.e., the manner in which the investigation was conducted, the polygraph test was requested and administered, and the decision to terminate plaintiff was reached. Viewing the facts and the inferences reasonably drawn therefrom in the light most favorable to plaintiff, as the Court is required to do in considering defendant's motion for summary judgment, the Court concludes that defendant is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c); Rooney v. National Super Markets, Inc., 668 S.W.2d 649 (Mo.Ct.App.1984) (summary judgment dismissing prima facie tort claim affirmed because there was no direct evidence nor could reasonable inference be drawn from circumstances surrounding plaintiff's discharge that employer acted with the specific intent to injure plaintiff.)
The Court has also reviewed that part of the January 5, 1985 order granting defendant summary judgment on Count IV (intentional infliction of emotional distress) of plaintiff's complaint and reaffirms the conclusions therein.

ORDER
Pursuant to the memorandum filed herein this day,
IT IS HEREBY ORDERED that defendant's motion for summary judgment of Count V (prima facie tort) of plaintiff's complaint is reconsidered and granted.
IT IS FURTHER ORDERED that plaintiff's motion for reconsideration of the Court's summary judgment of Count IV (intentional infliction of emotional distress) is denied.