**Vernon PUMPHREY,
Plaintiff-Appellant,**

v.

**CITY OF LUTESVILLE,
Defendant-Respondent.**

**No. 14153.**

Missouri Court of Appeals,
Southern District,
Division Two.

March 26, 1986.

---

Richard Goldstein, Cape Girardeau, for plaintiff-appellant.

Donald Rhodes, Bloomfield, for defendant-respondent.

PREWITT, Chief Judge.

After appellant's employment with respondent was terminated appellant filed a "Petition for Review" in the circuit court. The petition alleged that he "was employed by the Respondent City of Lutesville in November, 1980 and served as town Marshall continuously until his purported 'termination' on the 6th day of September 1982".

In the first count of appellant's petition he alleged that his termination was invalid and requested "reversal of his termination as a policeman; for reinstatement and for back-pay and seniority". In two other counts he requested damages. Following nonjury trial the trial court denied his petition. On appeal he requests that "the judgment of the trial court should be reversed and remanded with instructions to order respondent to reinstate the appellant with back pay." Appellant's "Points Relied On" states:

> The court erred in denying appellant's petition for judicial review under Chapter 536 in that appellant did not fall within the "at will" exception to the right to judicial review mentioned in Section 79.-240, in that appellant was not an appointive officer within the meaning of 79.240, and because appellant was entitled to notice and a "name clearing" hearing, and because the city failed to remove appellant from office in accordance with its own ordinances or state statute. The court further erred in admitting a "Exhibit B" (LF 7) as the official journal minutes of the vote allegedly taken by the Board of Alderman to terminate appellant on September 6, 1982 because the exhibit was not properly authenticated or identified as the official journal of the city.

In direct examination appellant was asked, "Would you tell us what your position was?" He responded: "Well, I was called Chief of Police and the City Marshal. It seemed like when I wanted recognition, I was Chief of Police. Otherwise, I was Marshal." He testified he was hired "orally" by respondent's mayor. Appellant claims, however, that for the purpose of discharge under § 79.240, RSMo 1978, he should be treated as a marshal, elected as

provided in § 79.050, RSMo 1978. Under the latter statutory section and the city ordinances of respondent, the "city marshal" is an elected position.[1]

Section 79.240, RSMo 1978 provides for different procedures for the removal of elected officers and appointed officers. That section is set out below.[2] There are obvious reasons why removing an elected official should be more difficult than removing an appointed official.

■ To say that appellant is an "elective" officer would be in contradiction to his hiring. It is undisputed that he was appointed by the mayor. Whatever appellant was called, or whether he should have been elected, he was an appointed official. Compare *Loman v. Tharp*, 542 S.W.2d 306 (Mo.App.1976). See also *Johnson v. City of Buckner*, 610 S.W.2d 406 (Mo.App.1980); *Cooper v. City of Creve Coeur*, 556 S.W.2d 717 (Mo.App.1977).

Therefore, appellant was subject to the "at will" provision of § 79.240. That gives the mayor the power to remove appellant "at any time it suits his pleasure, provided a majority of all the members of the Board consent." *Russell v. City of Raytown*, 544 S.W.2d 48, 51 (Mo.App.1976), appeal dismissed, 434 U.S. 806, 98 S.Ct. 36, 54 L.Ed.2d 63 (1977).

■ Appellant was removed in accordance with § 79.240. Even if we assume that respondent's ordinances are inconsistent with § 79.240, that statute controls over any of respondent's ordinances. An ordinance of a city which in any way restricts the power of removal under § 79.-240 is contrary to state law and invalid.

*Russell v. City of Raytown*, supra, 544 S.W.2d at 51. See also *Cooper v. City of Creve Coeur*, supra, 556 S.W.2d at 721; *State ex rel. Gorris v. Mussman*, 612 S.W.2d 357, 361 (Mo.App.1980).

■ Appellant contends that even if he was not entitled to a hearing under § 79.-240, because of the reasons he was given for terminating his employment, he was entitled to a "name clearing" hearing. See *Owen v. City of Independence*, 445 U.S. 622, 634, 100 S.Ct. 1398, 1407, 63 L.Ed.2d 673 (1980); *Board of Regents v. Roth*, 408 U.S. 564, 573, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548 (1972); *Amaan v. City of Eureka*, 615 S.W.2d 414, 415 (Mo. banc 1981), cert. denied, 454 U.S. 1084, 102 S.Ct. 642, 70 L.Ed.2d 619 (1981).

Neither in his pleadings nor in any other part of the record did appellant request relief from the trial court on this theory. An appellate court will review a case only upon the theory tried. *In re Marriage of Hunter*, 614 S.W.2d 277, 278 (Mo.App. 1981). Generally, a claim of error is not considered by an appellate court unless it was presented to and decided by the trial court. *Ohlendorf v. Feinstein*, 636 S.W.2d 687, 690 (Mo.App.1982).

■ Furthermore, the record does not establish that appellant was entitled to such a hearing. It does not reveal any "public statements" made by respondent or any of its officials in connection with appellant's discharge. Such a public statement appears to be required in order to entitle appellant to a "name clearing" hearing. See *Amaan v. City of Eureka*, supra, 615

---

1. In § 79.050, the position is spelled "marshal" and in the ordinances of respondent spelled "marshall".

2. *79.240. Removal of officers*
   The mayor may, with the consent of a majority of all the members elected to the board of aldermen, remove from office, for cause shown, any elective officer of the city, such officer being first given opportunity, together with his witnesses, to be heard before the board of aldermen sitting as a board of impeachment. Any elective officer, including the mayor, may in like manner, for cause shown, be removed from

office by a two-thirds vote of all members elected to the board of aldermen, independently of the mayor's approval or recommendation. The mayor may, with the consent of a majority of all the members elected to the board of aldermen, remove from office any appointive officer of the city at will, and any such appointive officer may be so removed by a two-thirds vote of all the members elected to the board of aldermen, independently of the mayor's approval or recommendation. The board of aldermen may pass ordinances regulating the manner of impeachments and removals.

S.W.2d at 415. Also, following his discharge, appellant received a hearing on the complaints against him which respondent claims caused appellant's discharge.

■ Exhibit B, purporting to be "the minutes of Sept. 6th, 1982 meeting of the Board of Alderman, City of Lutesville", was offered in evidence by respondent to show that respondent's Board of Alderman voted to terminate appellant. At the time it was offered, the transcript shows that appellant's only objection to the exhibit was "the mayor, or the former may [sic], would not be the custodian of the records."

That is not the objection to the exhibit now claimed. As the present contention regarding the exhibit was not the objection made at trial, this contention is not preserved for review. *In re Estate of Dowdy,* 680 S.W.2d 362, 364 (Mo.App.1984).

Finding no error in the contentions presented and preserved, the judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.