Christopher W. SAGER, Appellant,

v.

Major Jim REYNOLDS, et al.,
Respondents.

No. WD 39635.

Missouri Court of Appeals,
Western District.

April 19, 1988.

Michael D. Holzknecht, Robert C. Haldiman, Kansas City, for appellant.

Bill Randall Williams, Sullivan & Williams, Kansas City, for respondents.

Before GAITAN, P.J., and
TURNAGE and CLARK, JJ.

TURNAGE, Judge.

Christopher Sager filed suit against Major Jim Reynolds, Captain Ronald Canaday, and the Board of Police Commissioners of the City of Kansas City. The court dismissed the petition for failure to state a claim upon which relief could be granted. On appeal, Sager contends his petition stated a cause of action in prima facie tort against Reynolds and Canaday.[1] Affirmed.

In his petition, Sager alleged that he was a police officer employed by the City of Kansas City and assigned to the north patrol station in Clay County. Sager alleged that on April 7, 1985, while he was on duty, he was in the process of writing a parking ticket for an improperly parked automobile. He alleged that after he had written the ticket, Reynolds approached and ordered Sager to tear up the ticket because the automobile belonged to Reynolds' son. Sager alleged that he advised Reynolds that he could not tear up the ticket because it would be contrary to department policy to do so.

Sager further alleged that shortly after the ticket incident, Reynolds and Canaday conferred and made the decision to transfer Sager from the north patrol station to a desk job, and in June of 1985, Reynolds and Canaday caused Sager to be transferred to the central patrol station to work the 3:00 p.m. to 11:00 p.m. shift. Sager alleged that he had worked out of the north patrol station for about twelve years and made his home in Clay County. Sager alleged that he was subjected to an increased risk of death or serious bodily injury as a result of being assigned to work out of the central patrol station. He further alleged that his transfer interfered with his family life and made it impossible to continue a part-time security job. He alleged that the action of Reynolds and Canaday was willful, wanton, and malicious.

Sager contends that his petition stated a cause of action in prima facie tort. Sager

---

1. Sager makes no complaint in his brief concerning the dismissal of the Board of Police Commissioners. Therefore, no issue is presented on this appeal with reference to the Board. *Jones v. Eagan,* 715 S.W.2d 596, 596[1] (Mo.App. 1986).

did not plead any contract, regulation, or statute that would prevent his transfer from one patrol station to another. In a similar situation, the court in *Dake v. Tuell*, 687 S.W.2d 191 (Mo. banc 1985), held that an at will employee may not circumvent the right of an employer to terminate an employee by filing an action for wrongful termination under the guise of a prima facie tort. In *Brown v. Missouri Pacific Railroad Co.*, 720 S.W.2d 357, 362 (Mo. banc 1986), the court stated: "The daily contacts of employers and employees are peculiarly unsuitable for scrutiny in a lawsuit, except where there are recognized violations of rights and cognizable injuries."

The court in *Brown* relied upon the reasoning in *Dake* in holding that Brown had not stated a cause of action for alleged threats and harassment, which he said were designed to prevent him from filing suit for an injury.

The court noted in *Brown* that "[t]he employer-employee relationship is often tense. Employees not infrequently are subject to real or perceived indignities." *Id.* at 362. There are thousands of employees employed in both the public and private sector who are subject to transfer, not only from one duty to another or one location to another, but from one city or state to another. To require a trial in every case in which a transferred employee alleged that his transfer was based on a malicious motive would create chaos both in the work place and in the courts. Under *Brown*, it is clear that the courts are to refrain from scrutinizing employer-employee relationships except for "recognized violations of rights and cognizable injuries." As held in *Brown*, prima facie tort may not be used as a cloak for a suit that is otherwise not maintainable.

For these reasons, the court correctly dismissed the petition for failure to state a claim upon which relief could be granted.

All concur.

