686 F.Supp. 241 (1988)
Kenneth BLACK, Plaintiff,
v.
CITY OF WENTZVILLE, et al., Defendants.
No. 87-2144C(6).
United States District Court, E.D. Missouri, E.D.
June 17, 1988.
Richard A. Barry, III, St. Louis, Mo., for plaintiff.
Philip J. Ohlms, O'Fallon, Mo., William C. Martucci, Spencer, Fane, Britt & Browne, Kansas City, Mo., for defendant DeWinters.
Robert M. Wohler, O'Fallon, Mo., for all defendants except DeWinters.

MEMORANDUM OPINION
GUNN, District Judge.
Plaintiff, a former police officer in the defendant City of Wentzville's police department, brings this action for damages and reinstatement against the City, its board of aldermen and Police Chief John DeWinters.[1] The substance of plaintiff's complaint is that he was discharged by defendants in retaliation for his assertion of his First Amendment rights.
This memorandum opinion serves as the Court's findings of fact and conclusions of law pursuant to Rule 52, Fed.R.Civ.P.

I.
The parties agree that the City of Wentzville is organized and existing as a fourth class city under the provisions of Chapter 79 of the Revised Statutes of Missouri, and as such, under the provisions of § 79.240, R.S.Mo. (1986), the Mayor and Board of Aldermen have at-will authority to remove appointed officials.
On December 4, 1986, plaintiff was demoted by defendant Chief DeWinters from the rank of police lieutenant to corporal. The demotion was appealed to the Board of Aldermen. An agreement was reached between plaintiff and City whereby plaintiff was reduced in rank from lieutenant to sergeant but with the opportunity for reinstatement to the higher rank.
On July 31, 1987, plaintiff was again demoted by defendant DeWinters, this time to patrolman. At plaintiff's request, the Board of Aldermen conducted an open hearing on September 23 and 30, 1987. At the hearings evidence was presented through other police officers that plaintiff had been derelict in the performance of his duties as a policeman. Plaintiff's evidence was to the effect that defendant DeWinters was angry with plaintiff and "out to get him" for supporting DeWinters' opponent in the election for office.
*242 On the basis of the evidence at the hearings, plaintiff was dismissed from the police department on October 7, 1987. In his complaint to this Court, plaintiff contends that his discharge was in violation of his Fourteenth Amendment due process rights. Plaintiff also contends that his demotion and discharge were in retaliation for his exercise of First Amendment rights for declining to support defendant DeWinters' election campaign, associating with his opponent, for expressing his belief that the chief of police should be appointed rather than elected, and for requesting an open meeting during which he spoke out about a matter of public concern (appointment of chief of police).
Defendants' defense is that the speech issue had nothing to do with plaintiff's discharge. Rather, it was his record of poor working performance as a supervisor and policeman. In support of their position, defendants introduced evidence from six members or former members of the Wentzville police department who attested to plaintiff's inadequate work performance. The specific evidence was that plaintiff spent too much time away from work during duty hours, did not provide proper supervision as a shift supervisor, did not give proper backup help when called for, did not cooperate with other officers, had an inappropriate attitude toward his work and other employees, was late for work, did not exert proper leadership, did not fulfill his responsibilities of office and failed to report as required.
Each of the defendants testified that plaintiff's employment was terminated solely on the basis of his inferior work performance as set forth above.

II.
The fundamental law dealing with the constitutional protection of a governmental employee's speech is found in Connick v. Myers, 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983), Pickering v. Board of Education, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968), and a host of other decisions.
However, the Court concludes that plaintiff's First and Fourteenth Amendment concerns are infelicitous to this case. The Court can find no First or Fourteenth Amendment implications in this case. The credible evidence firmly establishes that plaintiff was discharged because his work performance was unsatisfactory, not because of any verbal expression or due process consideration.
Section 79.240, R.S.Mo. makes plaintiff an at-will employee who can be discharged under Missouri law with or without cause. Johnson v. McDonnell Douglas Corp., 745 S.W.2d 661, 662 (Mo. banc 1988); Dake v. Tuell, 687 S.W.2d 191, 193 (Mo. banc 1985). The Court concludes that there was an abundance of cause for plaintiff's discharge by defendants.
Plaintiff stated at trial that the basis for his grievance is that he assumed that the September 23 and 30 hearings before the Board of Aldermen only concerned a possible demotion, not termination of employment. Instead he was discharged. But this does not state a First Amendment issue.
Plaintiff has not carried his burden of demonstrating that he has engaged in a protected activity, or, if indeed there was a protected activity here, that it was a substantial or motivating factor for his discharge. It is clear that the same action would have been taken by defendants in the absence of such protected activity, if any. Bowman v. Pulaski County Special School Dist., 723 F.2d 640, 643 (8th Cir. 1983).
Defendants are entitled to great discretion in the handling of governmental affairs and personnel decisions. In this case the defendants' interest in an efficient police department outweighs plaintiff's purported First Amendment interest as expressed, particularly in view of plaintiff's work performance. Accordingly, the Court finds defendants justified in discharging plaintiff. Bowman v. Pulaski County Special School Dist., 723 F.2d at 644; Perry v. City of Kinloch, 680 F.Supp. 1339 *243 (E.D.Mo.1988).[2]

ORDER OF JUDGMENT
Pursuant to the memorandum opinion filed herein on this date,
IT IS HEREBY ORDERED, ADJUDGED and DECREED that judgment be and is entered in favor of defendants City of Wentzville, John DeWinters, Lee Barton, Chauncey Randall, Darrell Lackey, Michael Zoellner, Mark Clampitt and David Hoekel and against plaintiff Kenneth Black at plaintiff's costs. Defendants' counterclaims against plaintiff be and they are dismissed.
NOTES
[1] At trial, plaintiff indicated his personal dislike and animus toward his superior, defendant John DeWinters, and that he was not interested in reinstatement. See Wallace v. University of Missouri-St. Louis, 624 F.Supp. 560, 564 (E.D. Mo.1986), aff'd, 802 F.2d 465 (8th Cir.1986) (personal animosity to superior inimical to efficient operation of police department).
[2] Defendants City of Wentzville, Mayor and Board of Aldermen have counterclaimed seeking declaratory judgment to enjoin plaintiff from returning to the City of Wentzville as an employee. Since offer of any employment is at defendants' own discretion, the Court dismisses this counterclaim.