No. 95-2069

Sherry Aaron; Deborah D.                     *
Barber; Dolores V. Beauchamp;        *
Patricia Beauchamp;                          *
Brenda Becker; Eva M. Becker;                *
Alice M. Cox; Billi Jo Crews;                *
Betty Doyle; Patty Dull;                     *
Jessie F. Dunlap; Lois I.                    *
Elseman; Augusta Emmons;                     *
Cathy M. Ethington; Carol J.                 *
Foster; Joseph E. Foster;                    *
Virginia M. Foster; Donald                   *
Fritchey; Melissa C. Galbraith;              *
Cristel Goodman; Lola F. Harlan;             *
Lucinda R. How; Frances Huffman;             *
Shirley Humphrey; Sharon L.                  *
Hurst; Brenda Kissinger;                     *
Edith Krull; Daisy L. Maddox;                *
Gladys McNew; Rita Messersmith;              *
Anna M. Miller; Kathryn Warnol               *
Mitchell; Dorothy Newkirk;                   *
Beverly J. Norton; Eugenia S.                *   Appeal from the United States
Plotner; Becky Jo Ray; Erika K.              *   District Court for the Eastern
Rea; Helen J. Rea; Brenda K.                 *   District of Missouri.
Reedy; Debbie Rhew; Phyllis Rice;            *
Clifford E. Robertson; Kimberly              *
Rollins; Mary Rollins;                       *
Troy Rollins; Virginia Rollins;              *
Jane A. Ruhl; Nina L. Scrabeck;              *
Mary K. Sherrell; Jerry R.                   *
Stricklan; Brenda S. Stricklan;              *
Patricia Strickland; Phyllis J.              *
Teel; Linda J. Tucker; Darlene               *
Vineyard; Lula D. Wesser;                    *
Patricia Wiles; Allie Willis;                *
Joann Wilson; Thelma Withers;                *
Cynthia Wyss; Marshall Wyss; and             *
Marion M. York, on behalf of                 *
themselves and similarly                     *
situated aggrieved employees;                *
Laverne Akery; Tina S. Alexander;            *
Etta W. Anderson; Leona Asberry;             *
Ida Fae Baker; Michael Beasley;              *
Dennis Beasley; S. Dianne Beasley;*
Tammy Beasley; Patricia Lynn Byrd;*
Eula Mae Cochran; Dolores Colby;             *

Beth Davis; Charline Davis;            *
Tim Davis; Belinda Decker;             *
Shirley Sue Edwards; Raymond E.        *
Edwards; Glenda K. Emmons;             *
Fritchey; Jessie Gilbert;              *
Richard Gilbert; Millie Hardwick;      *
Shirley Kizer; William Lane;           *
Martha Messersmith; Alice              *
Mitchell;  Jerry Nelson; Ruth A.       *
Parker; Sharon K. Ray; Dianna          *
Rollins; Caroline Sharp;               *
Samuel Sharp; Bob E. Spurgeon;         *
Elsie Spurgeon; Wanda J. Van Scoy;*
Sandra White; Ruth Wilson;             *
Sharron K. Yoakum; Martha J.           *
Baker; Edna Cousart; Carolyn J.        *
Evans; Linda A. Glick;                 *
Douglas E. McClendon; Patricia         *
McClendon; and Carolyn S. Prock,  *
                                       *
        Appellees,                     *
                                       *
     v.                                *
                                       *
Brown Group, Inc., doing business      *
as Brown Shoe Company,                 *
                                       *
        Appellant.                     *

---

Submitted:  February 15, 1996

Filed:  April 6, 1996

---

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

---

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Pursuant to the Worker Adjustment and Retraining Notification Act ("WARN"), 29 U.S.C. §§ 2101-2109, the plaintiffs, on behalf of themselves and similarly-situated individuals, sued their former employer, the Brown Shoe Company ("Brown Shoe").  Brown Shoe moved to dismiss the case on statute of limitations grounds, but the

district court[1] denied the motion. The district court then certified the case for interlocutory appeal, and this appeal followed. We affirm.

I.

WARN requires certain employers to give affected employees sixty days' notice before closing a plant or beginning a mass layoff. 29 U.S.C. § 2102(a). If an employer violates WARN, it is liable to each aggrieved employee for wages and benefits for each day of the violation (for up to sixty days). 29 U.S.C. § 2104(a)(1). The statute is enforced by way of a civil action brought by employees. 29 U.S.C. § 2104(a)(5). Like many federal laws, WARN does not include a statute of limitations.

The plaintiffs worked as unionized employees at Brown Shoe's plant in Dixon, Missouri. Brown Shoe notified William Treece, a representative of the United Food and Commercial Workers International Union, that the Dixon plant would be closed and that workers would be dismissed in sixty days. Three days later, Brown Shoe began laying off plant employees, and the layoffs continued until the plant closed two months later.

A little more than two years after Brown Shoe notified Mr. Treece about the plant closure, the plaintiffs filed this action, alleging that Brown Shoe violated WARN. They claimed that the notice of the plant closure was inadequate because Mr. Treece was not their exclusive representative, 29 U.S.C. § 2102(a)(1), 20 C.F.R. § 639.6, and that the layoffs effectively constituted an unlawful plant closure, 29 U.S.C. § 2101(a)(2). They sought wages and benefits for each day of the violation.

---

[1]The Honorable Terry I. Adelman, United States Magistrate Judge for the Eastern District of Missouri, acting by consent of the parties. See 28 U.S.C. § 636(c)(1).

Brown Shoe then moved to dismiss the action, arguing that it was time-barred by the National Labor Relations Act's (NLRA) six-month statute of limitations, 29 U.S.C. § 160(b), or, alternatively, by Missouri law's one-year limitations period for penal statutes, Mo. Rev. Stat. § 290.110, § 516.380. The district court denied the motion. The court first found that there was no reason to depart from the well-established presumption that federal courts should borrow a statute of limitations from state law when a federal statute does not include a limitations period. The court then held that the action was not time-barred because Missouri's five-year statute of limitations for actions on express and implied contracts, Mo. Rev. Stat § 516.120(1), applied to WARN claims.

## II.

In the time since the district court's decision, the Supreme Court has resolved one significant issue in this case. In North Star Steel Co. v. Thomas, 115 S. Ct. 1927, 1931 (1995), the Court held that federal courts should apply the most appropriate state statute of limitations to WARN claims. The Court specifically rejected the argument, made by Brown Shoe below, that the NLRA's six-month limitations period should apply to WARN claims. Id. The Court, however, did not find it necessary to decide which state limitations period should apply because the action was timely under any of the four possibly applicable Pennsylvania statutes of limitations and because none of the statutes (ranging from two to six years) would undermine the purpose of WARN. Id.

On appeal, Brown Shoe renews its argument that this case is barred by the one-year limitations period applicable to actions under the Missouri wage and hour statutes. In the alternative, Brown Shoe argues that we should apply the Missouri equal pay statutes' six-month limitations period, Mo. Rev. Stat. § 290.450, or the federal Fair Labor Standards Act's (FLSA) two-year statute

-4-

of limitations, 29 U.S.C. § 255(a); see also Mo. Rev. Stat. § 516.140.

III.

When borrowing a state statute of limitations for a federal cause of action, our first task is to "characterize the essence of the claim in the pending case." Wilson v. Garcia, 471 U.S. 261, 268 (1985). The characterization of a claim is a question of federal law. Johnson v. State Mut. Life Assurance Co., 942 F.2d 1260, 1262 (8th Cir. 1991) (en banc). We next determine what state cause of action is most closely analogous to the federal claim. Id.; see also Egerdahl v. Hibbing Comm. College, 72 F.3d 615, 617 (8th Cir. 1995). State policy becomes relevant only after we have selected the most closely analogous state cause of action. At that point, we defer to the state's judgment about how to balance the need to enforce the statute with the need to weed out stale claims, by borrowing the statute of limitations for the most closely analogous state cause of action, unless that statute would frustrate the purposes of the federal statute on which the claim is based. North Star Steel, 115 S. Ct. at 1930-31.

A.

Brown Shoe first suggests that the application of a five-year limitations period to WARN frustrates a federal policy favoring short statutes of limitations for labor-related claims. Brown Shoe claims that federal courts, including this court, consistently borrow short statutes of limitations for labor-related legislation. As additional evidence of this policy, Brown Shoe also cites several federal statutes that require aggrieved employees to file claims within six months or less. See, e.g., NLRA, 29 U.S.C. § 160(b) (six-month statute of limitations for filing unfair labor practice claims with National Labor Relations Board), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(e)(1); Age Discrimination in Employment Act, 29 U.S.C. § 626(d)(1); and

Americans with Disabilities Act, 42 U.S.C. § 12117(a) (all stating that employee must file employment discrimination charge with the Equal Employment Opportunity Commission within 180 days).

We find Brown Shoe's assertion that Congress and the federal courts have established a federal policy favoring short limitations periods for labor-related claims doubtful at best. We need not undertake the extensive review of federal labor policy necessary to resolve that issue, however, because the Supreme Court has held that a limitations period <u>longer</u> than the five years applied by the district court below would not frustrate WARN's purposes. In <u>North Star Steel</u>, the Court stated that "even the longest of the periods, six years, is not long enough to frustrate the interest in a relatively rapid disposition of labor disputes." 115 S. Ct. at 1931 (internal quotation marks omitted).

Brown Shoe also argues that Missouri favors short limitations periods for labor-related claims. Such a state policy, if it indeed exists, is irrelevant to our task of determining which state claim is most closely analogous to the plaintiffs' WARN claims. As we indicated above, the classification of a federal claim for statute of limitations purposes is a question of federal, not state, law. <u>Johnson</u>, 942 F.2d at 1262. "Congress surely did not intend to assign to state courts and legislatures a conclusive role in the formative function of defining and characterizing the essential elements of a federal cause of action." <u>Wilson</u>, 471 U.S. at 269. It is only after we classify the federal claim and determine which state cause of action is most closely analogous to it that we defer to state law. Missouri certainly may decide to curtail the time for vindicating certain types of claims, but we reject Brown Shoe's invitation to allow those decisions to influence our classification of the claim at issue in this case.

B.

We turn now to Brown Shoe's assertion that the Missouri wage and hour statutes' one-year limitations period should be applied to WARN claims. Brown Shoe focuses on two provisions of the wage and hour statutes in particular, namely, Mo. Rev. Stat. § 290.100 and § 290.110. Brown Shoe believes that these provisions effectuate the same policy as WARN, that is, to "provide[] workers and their families some transition time to adjust to the prospective loss of employment, to seek and obtain alternative jobs and, if necessary, to enter skill training or retraining that will allow these workers to successfully compete in the job market." 20 C.F.R. § 639.1(a).

Brown Shoe is right that the provisions to which it points resemble some of WARN's requirements. Mo. Rev. Stat. § 290.100 requires employers to notify their employees thirty days before reducing their wages. If the employer fails to give proper notice, it must pay $50 to each affected employee. Mo. Rev. Stat. § 290.110 requires employers to pay discharged employees all back pay promptly. If the employer withholds the back pay more than a week after the employee requests it, the employee is entitled to continue to collect wages for up to sixty days (or until he or she is fully compensated for his or her services).

We do not share Brown Shoe's view, however, that these technical similarities compel us to apply the Missouri wage and hour statutes' limitations period to WARN. The Missouri wage and hour statutes are considerably narrower than WARN. Most importantly, the provisions cited by Brown Shoe do not address WARN's primary purpose, namely, to notify employees about prospective employment loss and to give them time to prepare for impending economic dislocation. The Missouri wage and hour statutes differ from WARN in other important ways as well. Mo. Rev. Stat. § 290.110 protects employees from unscrupulous employers who withhold wages that the employees earned before their

discharge. WARN, on the other hand, is not "a claim for backpay because it does not compensate for past services." United Paperworkers International Union v. Specialty Paperboard, Inc., 999 F.2d 51, 55 (2d Cir. 1993). Furthermore, the Missouri Supreme Court has held that an employee is not entitled to recover benefits such as vacation pay under Mo. Rev. Stat. § 290.110. See Brackett v. Easton Boot & Shoe Co., 388 S.W.2d 842, 849 (Mo. 1965). WARN provides that employees are entitled to recover wages and benefits.

WARN is also unlike Mo. Rev. Stat. § 290.100. That provision's notice requirement applies only to changes in employment conditions (specifically, decreases in pay) that occur during an ongoing employment relationship. It does not apply after an employee is terminated. Furthermore, the $50 penalty for a violation is minuscule compared to WARN's penalty (full wages and benefits for up to sixty days). See Mo. Rev. Stat. § 290.100, 29 U.S.C. § 2104(a)(1).

C.

We also reject Brown Shoe's contention that either the Missouri equal pay statutes' six-month limitations period or the FLSA's two-year limitations period should apply to WARN. The Missouri equal pay statutes make it unlawful to pay women less than men for substantially identical work. Mo. Rev. Stat. § 290.410, § 290.440. Despite Brown Shoe's assertion that the Dixon plant employed primarily women, we do not think that this case can properly be characterized as a disparate pay sex discrimination claim.

We believe that the Supreme Court precluded the application of the FLSA's statute of limitations in North Star Steel Co., 115 S. Ct. at 1930-31, when it rejected the contention that the six-month statute of limitations applicable to claims under the NLRA was appropriate for WARN claims and held that the federal

courts ought to look to state law for an appropriate limitations period. In any event, the FLSA is not closely analogous to WARN. Like the Missouri wage and hour statutes, the FLSA allows aggrieved employees to recover unpaid wages for past services; it does not provide the comprehensive relief included in WARN. 29 U.S.C. § 216(b); see also United Paperworkers, 999 F.2d at 55 (comparing WARN and FLSA). Furthermore, the FLSA is partially enforced by an elaborate administrative structure that helps workers protect their statutory rights. 29 U.S.C. § 211, § 216(c). WARN does not establish a similar administrative enforcement mechanism.

D.

Finally, we believe that the district court correctly concluded that Missouri's five-year statute of limitations for all "actions upon contracts, obligations or liabilities, express or implied," should govern WARN claims. Mo. Rev. Stat. § 516.120(1). By enacting WARN, Congress imposed upon certain employers an obligation to notify their employees before laying them off or closing a facility. In a sense, WARN inserts additional terms into covered employment contracts. We therefore conclude that a WARN action is most closely analogous to an action to recover damages for a breach of an implied contract (or breach of an obligation) to notify employees before terminating them.

Although we are not bound by their results, our decision comports with two recent well-reasoned opinions from the Second and Tenth Circuits. In Frymire v. Ampex Corp., 61 F.3d 757, 764 (10th Cir. 1995), the Tenth Circuit applied Colorado's three-year statute of limitations for contracts to WARN. In an opinion written by Judge Bright of this court, the court reasoned that "the WARN Act imposes a federal mandate upon employers that effectively obligates them as if bound by the terms of an employment contract." Id. Similarly, in United Paperworkers, 999 F.2d at 57, the Second Circuit applied Vermont's six-year statute of limitations for

contract actions to WARN. The court concluded, "Like ... a contract action, WARN actions in some sense compensate workers and communities for their reliance interests. Thus, we find an application of the contract limitations period best approximates the federal legislative intent." Id.; see also Wallace v. Detroit Coke Corp., 818 F. Supp. 192, 196-97 (E.D. Mich. 1993) (applying Michigan's contract limitations period to WARN).

Brown Shoe argues that we cannot analogize a WARN claim to a breach of contract action because Missouri is an "at-will" employment state. It reasons that because Missouri employers can generally fire employees or change employment conditions without cause, Dake v. Tuell, 687 S.W.2d 191, 193 (Mo. 1985) (en banc), the district court erred in holding that the contract limitations period applied to WARN. We disagree. The fact that at-will employees in Missouri may not sue their employers for wrongful discharge -- unless the discharge violates public policy, id., Luethans v. Washington Univ., 838 S.W.2d 117, 119-20 (Mo. Ct. App. 1992) -- does not preclude us from finding that a WARN action is most closely analogous to a contract action. See, e.g., Frymire, 61 F.3d at 764 (applying contract limitations period even though Colorado is at-will employment state).

Furthermore, as the plaintiffs point out, the five-year statute of limitations applied by the district court below is not limited to contract claims. It covers actions for breach of an obligation as well, and the Missouri courts have held that Mo. Rev. Stat. § 516.120(1) governs actions based on an obligation created by a statute. See Coleman v. Kansas City, 173 S.W.2d 572, 577 (Mo. 1943), and Barberi v. University City, 518 S.W.2d 457, 458 (Mo. Ct. App. 1975) (both dealing with claims for additional compensation owed based on city ordinance).

IV.

Because the plaintiffs filed this action well within the applicable five-year statute of limitations, we affirm the decision of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-11-