# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 98-2190EM

———————

Alan Adams,                                              *
                                                        *
                        Appellant,                      *
                                                        *
        v.                                              *
                                                        *
St. Charles County Ambulance District,                  *
a Political Subdivision of the State of                 *
Missouri; Frank K. Grimes; Brad Pring;                  *   Appeal from the United States
Carl Phillips; Warren Ostman; Nikki                     *   District Court for the Eastern
Kessel; Timothy Roettger; Diane                         *   District of Missouri.
Borgerding, Individuals and in Their                    *
Official Capacity as Directors of St.                   *       [UNPUBLISHED]
Charles County Ambulance District;                      *
Michael Whitlock, Individually and in                   *
his Official Capacity as Chief Executive                *
Officer of the St. Charles County                       *
Ambulance District,                                     *
                                                        *
                        Appellees.                      *

———————

Submitted: November 16, 1998
Filed: December 4, 1998

———————

Before RICHARD S. ARNOLD and FAGG, Circuit Judges, and DAWSON,* District
        Judge.

———————

*The Honorable Robert T. Dawson, United States District Judge for the Western
District of Arkansas, sitting by designation.

_____

PER CURIAM.

The St. Charles County Ambulance District (St. Charles County) employed Alan Adams as a paramedic. After St. Charles County terminated Adams's employment, Adams filed suit and claimed, among other things, his discharge violated the Fourteenth Amendment's guarantee of procedural due process of law. The district court granted St. Charles County's motion for summary judgment on Adams's due process claim, concluding Adams was an at-will employee without a protected property interest in his job. Adams appeals. We review both the district court's grant of summary judgment and its determination of state law de novo. See Greeno v. Little Blue Valley Sewer Dist., 995 F.2d 861, 863-64 (8th Cir. 1993).

Constitutionally protected property interests are created by independent sources such as state law, municipal ordinances, or contracts, and a party's claim of entitlement to a protected interest "must be decided by reference to state law." Bishop v. Wood, 426 U.S. 341, 344 (1976); see Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577-78 (1972). St. Charles County adopted a Memorandum of Understanding governing the terms and conditions of Adams's employment. See Strunk v. Hahn, 797 S.W.2d 536, 541 (Mo. App. 1990); Mo. Ann. Stat. §§ 105.510, 105.520 (West 1997). Adams contends the Memorandum of Understanding gave him a protected property interest because the Memorandum of Understanding provided Adams could only be terminated for just cause. We disagree. The district court correctly concluded the Memorandum of Understanding's plain language established Adams was an at-will employee and had no protected property interest in his employment. See Strunk, 797 S.W.2d at 541-46; Amaan v. City of Eureka, 615 S.W.2d 414, 415-16 (Mo. 1981) (en banc); cf. Greeno, 995 F.2d at 863-64. The Memorandum of Understanding gave St. Charles County the unlimited right to discharge employees, contained no provisions stating nonprobationary employees like Adams could be discharged only for cause, and

reserved to St. Charles County any managerial powers not expressly negotiated away in the Memorandum of Understanding.  See id.  Thus, St. Charles County properly discharged Adams without giving him notice of the reasons for his discharge or a hearing.  See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538, 541-42 (1985).  We affirm the judgment of the district court.

RICHARD S. ARNOLD, Circuit Judge, concurs in the result and concurs in the judgment.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.