Michael F. GERSON, et al.,
Respondents,

v.

DIAMOND SHAMROCK
CORPORATION,
Appellant.

No. 49992.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 1, 1986.

Motion for Rehearing and/or Transfer
Denied May 6, 1986.

Application to Transfer Denied
June 17, 1986.

Joseph J. Simeone, Richard E. Jaudes, Bradley S. Hiles, St. Louis, for appellant.

David O. Danis, Richard Alan Cooper, St. Louis, for respondents.

CRIST, Judge.

Defendant Diamond Shamrock Corporation (employer) appeals the trial court's decision awarding plaintiffs (employees) severance pay. We affirm.

Employer's personnel policy provided in pertinent part:

> Where separation from employment is ... because of a permanent layoff due to lack of work, the employee will receive ... (c) *For service in excess of one year* —one week's notice or one's week pay in lieu of notice for each year of employment with a minimum of two week's pay[.]

Employees worked for employer's Vitex division, an unincorporated part of employer's business which made food products. This division was sold to Monsanto, and these three employees then went to work for Monsanto in the same jobs they held prior to the sale. They then brought this action, asserting they were entitled to severance pay from employer. The trial court awarded employee Gerson $25,211.45 plus interest of $9,076.15, employee Schaffer $11,078.30 plus interest of $3,988.19, and employee Miller $13,269.73 plus interest of $4,776.62. Employer appeals.

The seminal issue for decision in this case concerns the meaning of the personnel policy. Appellant asserts the language "permanent layoff due to lack of work" does not apply to the situation where, as here, the employees seeking severance pay were the workers in a part of the company which was divested, and upon divestiture, those employees were immediately employed in the same jobs with the only difference being the identity of the employer. It is agreed employees here were employed at will, *Dake v. Tuell*, 687 S.W.2d 191, 196 (Mo. banc 1985), and their rights to severance pay are governed by the terms of the severance pay policy. These terms are weighed in favor of the employees. *Hinkeldey v. Cities Service Oil Company*, 470 S.W.2d 494, 500 [1] (Mo. 1981).

There is no lack of factually similar cases. *See e.g. Hinkeldey*, supra; *Irwin v. Globe-Democrat Publishing Company*, 368 S.W.2d 452 (Mo.1963); *Albertson v. Ralston Purina Company*, 586 S.W.2d 776 (Mo.App.1979); *Jung v. FMC Corp.*, 755 F.2d 708 (9th Cir.1985); *Younger v. Thomas International Corp.*, 275 Ark. 327, 629 S.W.2d 294 (1982). In these cases, however, the contract language at issue tends to be markedly dissimilar to that in the case at bar, which limits their precedential value.

The language concerned in the instant case shows employees were entitled to the severance pay. Sale of the division ended their connection with employer; there was no further work for them with employer. The sales agreement between employer and Monsanto did not guarantee employees anything. If employees had not been offered jobs by the new owners, it is conceded they would have been entitled to severance pay under the plan. But, nothing in the language of the policy itself distinguishes the case where they are offered employment with the new owner from the case where they are not offered such employment. We conclude there is no reason under the language of the policy to

**370**

deny employees the severance pay. See *Hinkeldey*, supra.

■ Employer also asserts employees were given notice of separation in lieu of pay, as provided for under the policy, and therefore, the employer was not obligated for severance pay. The policy provided for employer to give an employee one week's notice or pay for each year of service prior to a termination due to lack of work. The evidence indicated, however, employer only told employees the division for which they worked was for sale and could be sold. Employer did not give employees information specific enough to qualify as notice under this policy.

■ Third, it is alleged that the policy was amended with respect to one employee (Gerson) by a new policy concerning terminations due to divestiture. It suffices to say the trial court could and did find there was sufficient credible evidence the new policy was not effectively adopted in lieu of the old one with respect to Gerson. *See Lutsky v. Blue Cross Hospital Services, Inc.*, 695 S.W.2d 870, 875 (Mo. banc 1985).

■ Finally, it is asserted there was no valid contract formed by the policy because the employees, while "aware" of the policy, had no "knowledge" of the policy. For a policy such as this to be a binding contract, employees must have been notified of, and have knowledge of the plan, and continue employment in reliance thereon. *Ehrle v. Bank Building & Equipment Corp. of America*, 530 S.W.2d 482, 491 (Mo.App.1975). The plan was published as a part of the employer's personnel policy manual. Each plaintiff testified he was aware of the existence of a separation pay policy. We believe this indicates employees were "aware of the nature of the plan and its benefits." *Id.* Their continuation of employment, therefore, created a binding contract and obligated employer to pay the severance pay.

Judgment affirmed.

DOWD, P.J., and REINHARD, J., concur.