

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

September 18, 1990

Honorable Ernestive V. Glossbrenner
Chairperson
House Public Education Committee
P. O. Box 2910
Capitol Bldg., Room 302D
Austin, Texas   78768-2910

Opinion No. JM-1225

Re:     Use of a "paging device" on school prop-erty or at a school function  (RQ-1942)

Dear Representative Glossbrenner:

You ask whether  a car telephone  is a "paging  device" for purposes of section 21.309 of the Education Code,  which provides as follows:

> (a) A student in  a public school may  not possess a paging device while on school  pro-perty or while  attending a  school-sponsored or school-related activity  on or off  school property, unless the student is in attendance in the  capacity of  an   active member  of  a volunteer  firefighting  organization  or  a volunteer      emergency      medical      services organization.

> (b) The board of  trustees of each  school district shall  include  the  prohibition  in Subsection  (a)  of   this section  in  the district's  written     standards  of     student conduct.   A     student    who     violates    the prohibition   is   subject   to   discipline    as provided by  board  policy,  consistent  with this subchapter.

> (c) A person  who discovers  a student  in possession of a paging device in violation of this section  shall report  the violation  to the  appropriate  school  administrator,     as determined by school policy, who shall  order a   peace    officer  or    appropriate    school employee to confiscate  the device, which  is forfeited to the school district.

> (d) <u>In this section, 'paging device' means a telecommunications device that emits an audible signal, vibrates, displays a message, or otherwise summons or delivers a communication to the possessor</u>.

The components of the definition of "paging device" are (1) that it be a telecommunications device and (2) that it, by some means, summon or deliver a communication to the possessor.  A car telephone is a telecommunications device. <u>See</u> Webster's Ninth Collegiate Dictionary (1984) (defining "telecommunication" as "communication at a distance as by telephone or television").  The remaining question is whether a car telephone summons or delivers a communication "to the possessor."

We note that the requirement is that the device actually summon or deliver a communication to its possessor, not merely that it have the capacity to do so.  A car telephone would be able to summon its possessor only if its possessor were able to hear or otherwise perceive its signal.  Consequently, a student who parked on school property would be on school property and subject to the summons of a car phone upon arrival at and departure from school or a school activity.[1]  Although that would be sufficient to bring the student within the literal language of the prohibition set out in section 21.309, the legislative history indicates that the legislature did not intend that the prohibition be applied so broadly.[2]

The bill analysis prepared in regard to section 21.309 of the Education Code sets out the following background information:

---

1.  We assume that a student would "possess" a car telephone for purposes of section 21.309 if it were in his custody during the school day or during a school activity. <u>See generally</u> <u>Valcarcel v. State</u>, 718 S.W.2d 368, 372 (Tex. App. - Amarillo 1986, no pet.) (defining "possession" for purposes of crime of possession of contraband).

2.  If the definition of "paging device" is taken absolutely literally, it would prohibit students from possessing car radios on school property since car radios are telecommunications devices that emit an audible signal and deliver a message to their possessor.

> The presence of paging devices on the campuses of the large, urban districts is increasing. Teachers and administrators report that this presence is disruptive to the educational process when these devices are activated in an educational setting. In addition, there is concern that these devices are being used to facilitate the dealing of illegal drugs.

Bill Analysis, S.B. 424, 71st Leg. (1989). Unless students attending classes or school activities could perceive the signal emitted by a car telephone, it seems unlikely that a car telephone would be disruptive to the educational process. Also, if access to car telephones is limited to time of arrival and time of departure, car phones would do no more to facilitate drug transactions than any other telephone in the vicinity of the school.

If a particular school district finds that car telephones are in fact disruptive, it has the authority to adopt reasonable rules regulating their presence on school property. See Texarkana Indep. School Dist. v. Lewis, 470 S.W.2d 727 (Tex. Civ. App. - Texarkana 1971, no writ); Educ. Code §§ 23.26, 21.301.

## S U M M A R Y

Section 21.301 of the Education Code does not prohibit the presence of car telephones in cars parked on school property. Individual school districts have authority to adopt disciplinary rules regarding car telephones.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General